UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.

YOUSEF RAMADAN,

           Defendant.
_____/

CR. NO. 17-20595

HON. MARIANNE O. BATTANI

## MOTION FOR RETURN OF SEIZED PROPERTY

Yousef Ramadan, through his attorneys, Andrew Densemo and Colleen Fitzharris, of the Federal Defender Office, moves for an order requiring the Government to return personal property seized from Defendant on October 11, 2017 pursuant to the Fourth Amendment and Rule 41. Defendant files a supporting brief and further states:

1.    Mr. Ramadan is charged with Possession of Firearm with Obliterated Serial Number, in violation of 18 U.S.C. § 922(k).

2.    On August 15, 2017, Customs and Border Patrol agents detained Mr. Ramadan at Detroit Metropolitan Airport. At this time the agents also seized a number of items from him. Among them were several thousand dollars in cash, jewelry and gold. Mr. Ramadan was never given a receipt for these seized items.

3. Defense counsel asked government counsel to instruct the agents to return these items to Mr. Ramadan. The agents claim they do not have these items and as such they have not returned the requested items. The requested items were not returned to Mr. Ramadan when he was released from custody on August 15, 2017 nor were they given to any member of his family.

4. Mr. Ramadan's property is being held in violation of the Fourth Amendment and should be returned immediately.

Mr. Ramadan respectfully requests an order requiring the Government to return the requested items to him.

            Respectfully submitted,

            **FEDERAL DEFENDER OFFICE**

            s/Andrew Densemo
            ANDREW DENSEMO (P37583)
            Attorney for Defendant
            613 Abbott Street, 5th Floor
            Detroit, Michigan 48226
            (313) 967-5829
            E-mail: andrew_densemo@fd.org

Dated: December 20, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

         CR. NO. 17-20595

    Plaintiff,

v.         HON. MARIANNE O. BATTANI

YOUSEF RAMADAN,

    Defendant.
_____/

**BRIEF IN SUPPORT OF**
**MOTION FOR RETURN OF SEIZED PROPERTY**

## BACKGROUND

On August 15, 2017, at Detroit Metropolitan Airport, U.S. Customs and Border Patrol agents removed Yousef Ramadan and his family from a flight bound for the country of Jordan. Allegedly, contraband had been observed in Mr. Ramadan's checked luggage. The agents removed the Ramadan family from the airplane to conduct an investigation. During the course of their investigation, agents seized all of Mr. Ramadan's property. This property included multiple electronic and digital devices, luggage, and backpacks. Contained within his backpacks was cash, jewelry and gold, which are the particular items he is seeking to recover.

After they were removed from their flight, Mr. Ramadan and his family were detained by the federal agents for several hours before they were released. Mr. Ramadan's wife and four children were released first. Mr. Ramadan wasn't released until the next day. When he returned home he searched his backpacks for his personal property. He discovered that his money, jewelry and gold had been removed. The next day, Mr. Ramadan contacted the federal agent(s) who had detained him to inquire about his property. For two weeks thereafter, Mr. Ramadan made several calls and visits to the agents' offices in an attempt to locate and regain his property, without success. On August 29, 2017 he was arrested on the current

charges. Despite repeated requests Mr. Ramadan's property has not been returned to him.

## THE FOURTH AMENDMENT PROTECTS AGAINST UNREASONABLE  SEARCHES AND SEIZURES

The Fourth Amendment of the Constitution mandates, "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const Amend. IV.  Reasonableness of a given search or seizure depends upon a balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers. *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975). "The Supreme court has established that one of the purposes of the prohibition on unreasonable seizures of property is the protection of the individual's property rights in the seized item." *Fox v. Van Oosterum*, 176 F.3d 342, 350 (6th Cir. 1999). A seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property. *United States v. Jacobson*, 466 U.S. 109, 113 (1984); *Bonds v. Cox*, 20 F.3d 697, 701 (6th Cir. 1994). In the ordinary case, the Supreme Court has viewed a seizure of personal property as *per se* unreasonable within the meaning of the Fourth Amendment unless it is accomplished pursuant to a judicial warrant issued upon probable cause and *particularly describing* the items to be seized. *United States*

*v. Place*, 462 U.S. 696 (1983) (emphasis added). The government must return Mr. Ramadan's property if the seized property does not contain evidence of a crime, was not used and did not facilitate the commission of the charged offense. Fed. R. Crim. P. 41(g). *United States v. Hess*, 982 F.2d 181, 186 (6th Cir. 1992).

Federal Rule of Criminal Procedure 41(g) states that:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The facts of the present case demonstrate that Mr. Ramadan's personal property should be returned to him. There is no evidence that they are fruits or instrumentalities of the crimes of possession of firearms with obliterated serial numbers on which the arrest was based. These items do not constitute contraband and are unrelated to any alleged criminal activity by Mr. Ramadan. Their seizure and retention by the Government is therefore not reasonable under the Fourth Amendment, and the items should be returned to Mr. Ramadan.

## CONCLUSION

For all of the foregoing reasons, Mr. Ramadan respectfully requests an order requiring the Government to return Mr. Ramadan's cash, gold, and jewelry which were seized from him at the time of his detention on August 15, 2017.

Respectfully submitted,

**FEDERAL DEFENDER OFFICE**


 s/Andrew Densemo
ANDREW DENSEMO (P37583)
COLLEEN P. FITZHARRIS
Attorneys for Defendant
613 Abbott Street, 5th Floor
Detroit, Michigan 48226
(313) 967-5829
E-mail:  andrew_densemo@fd.org
E-mail: colleen_fitzharris@fd.org

Dated: December 20, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                        CR. NO. 17-20595

       Plaintiff,

v.                       HON. MARIANNE O. BATTANI

YOUSEF RAMADAN,

       Defendant.

_____/

## CERTIFICATE OF SERVICE

I, hereby certify that on December 20, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                RONALD WATERSTREET
                Assistant United States Attorney
                United States Attorney's Office
                211 W. Fort Street, Suite 2001
                Detroit, Michigan 48226
                E-mail: ronald.waterstreet@usdoj.gov

                **FEDERAL DEFENDER OFFICE**

                s/Andrew Densemo
                ANDREW DENSEMO (P37583)
                Attorney for Defendant
                613 Abbott Street, 5th Floor
                Detroit, Michigan 48226
                (313) 967-5829
                E-mail: andrew_densemo@fd.org