UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                CR NO. 17-20595

v.                                    HON. MARIANNE O. BATTANI

YOUSEF RAMADAN,

                Defendant.

_____/

## MOTION TO DISMISS INDICTMENT

Yousef Ramadan, by and through his attorneys Andrew Densemo and Colleen Fitzharris of the Federal Defender Office, moves to dismiss the indictment on the basis that the government failed to preserve video evidence as required by this District's Standing Order for Discovery and as requested by the Defendant. Alternatively, he seeks an adverse instruction or some other sanction for the government's failure to preserve evidence. In support of this motion, he states the following:

1.    On August 15, 2017, Mr. Ramadan and his family boarded a commercial aircraft at Detroit Metropolitan Airport bound for the country of Jordan.

2. When scanning the Ramadan's checked baggage, security agents noticed various tactical equipment and body armor. After making the discovery, the agents contacted the Ramadan family and removed them from the flight.

3. Four federal agents brought Mr. Ramadan to a separate room where he was handcuffed at various times. At some point, the officers physically assaulted Mr. Ramadan. Mr. Ramadan was interrogated for several hours. The airport, buildings, corridors and interview rooms are all equipped with surveillance cameras.

4. The removal of the Ramadans from the aircraft, their detention and Mr. Ramadan's interrogations were all likely captured on surveillance videos. Mr. Ramadan believes the video would prove that he was unlawfully detained, interrogated, and assaulted by the federal agents. Mr. Ramadan was arrested on the federal charges on August 29, 2017.

5. On September 14, 2017 defense counsel sent an email request to the government asking when "the complete discovery" would be available. Some discovery was eventually provided but it did include **any** surveillance footage from Mr. Ramadan's arrest on August 15, 2017, or August 29, 2017.

6. On November 20, 2017, defense counsel explicitly requested that the government provide discovery in the form of airport surveillance footage regarding the detention, interrogation and arrest of Mr. Ramadan.

2

7.    On or about November 21, 2017, the government informed defense counsel that any video evidence of the kind sought by the defense was no longer available because the video recording system starts recording over video footage after 90 days. Apparently, neither the federal agents nor the prosecution sought to obtain or preserve copies of the video footage.

8.    Due process requires the government to preserve material exculpatory evidence. *United States v. Wright*, 260 F.3d 568, 570–74 (6th Cir. 2001) (citing *California v. Trombetta*, 467 U.S. 479, 485 (1984)). Material exculpatory evidence "possess[es] an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Trombetta*, 467 U.S. at 488–89. "The destruction of material exculpatory evidence violates due process regardless of whether the government acted in bad faith." *Wright*, 260 F.3d at 571 (citing *Trombetta*, 467 U.S. at 488; *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988)).

9.    The Sixth Circuit has interpreted *Trombetta* and *Youngblood* to require proof of the government's bad faith when it fails to preserve only potentially exculpatory evidence. *United States v. Jobson*, 102 F.3d at 218.

Government negligence and gross negligence are insufficient to show bad faith.[1]
*Id.*

## CONCLUSION

Mr. Ramadan requests an evidentiary hearing to determine whether the federal agents in custody of the footage acted in bad faith. He asks this court to dismiss the indictment or to infer the video would be favorable to Mr. Ramadan at the suppression hearing.

Respectfully submitted,

**FEDERAL DEFENDER OFFICE**

s/Andrew Densemo
ANDREW DENSEMO (P37583)
COLLEEN P. FITZHARRIS
Attorneys for Defendant
613 Abbott Street, 5th Floor
Detroit, Michigan 48226
(313) 967-5829
E-mail: andrew_densemo@fd.org
E-mail: colleen_fitzharris@fd.org

Dated: December 20, 2017

---
[1]

In *Wright*, Judge Gilman noted his disagreement with the *Jobson* court's reading of *Youngblood* and *Trombetta* and the requirement that a defendant prove the government acted in bad faith even after showing the unpreserved evidence was materially exculpatory. *See* 260 F.3d at 572–74 (Gilman, J., concurring). Mr. Ramadan believes Judge Gilman has the better argument, but acknowledges this Court is bound to follow the holding in *Jobson* until the Sixth Circuit en banc or the U.S. Supreme Court intervene. Nonetheless, he wishes to preserve the issue if further appeals are necessary.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                  Plaintiff,                CR NO. 17-20595

v.                                    HON. MARIANNE O. BATTANI

YOUSEF RAMADAN,

                  Defendant.

_____/

## **BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

The defense re-alleges the factual representations in its Motion to Dismiss.

1. **The Remedy for Violation of Discovery Requirements**

Under Rule 16, where the Government fails to comply with its discovery obligations, this Court has broad discretion to "enter any . . . order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2)(D).    "In determining an appropriate sanction, the court should consider: (1) the reasons for the government's failure to disclose, including any bad faith on the part of the government; (2) the extent to which the defendant is prejudiced by the failure to disclose; and (3) the feasibility of curing the prejudice by granting a continuance."  35 Geo. L.J. Ann. Rev. Crim. Proc. 203, 346-49 (collecting cases).

Federal Rule of Criminal Procedure 16(a) provides in part that the government must disclose, on defendant's request, documents and objects that are "within the government's possession, custody, or control" and material to the defense. Fed. R. Crim. P. 16(a)(1)(E). Under Rule 16, the government has a "continuing duty to disclose," meaning that it must turn over to the defense any required materials that arise after a discovery request. Fed. R. Crim. P. 16(c). Where a party fails to comply with Rule 16, the court may, among other things, prohibit that party from introducing a particular piece of evidence or "enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2).

In addition to Rule 16(a), the government in a criminal case must also honor the defendant's constitutional right to discovery. In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that due process requires the government to turn over to the defense evidence that is material to guilt or punishment. *See id.* at 87. Recently, the Supreme Court summarized the *Brady* doctrine as follows:

> In *Brady*, this Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. We have since held that the duty to disclose such evidence is applicable even though there has been no request by the accused, *United States v. Agurs*, 427 U.S. 97, 107 (1976), and that the duty encompasses impeachment evidence as well as exculpatory evidence, *United States v. Bagley*, 473 U.S. 667, 676 (1985). Such evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. at 682; *see also Kyles v. Whitley*, 514 U.S. 419, 433-434 (1995).

Moreover, the rule encompasses evidence "known only to police investigators and not to the prosecutor." *Id*. at 438. In order to comply with *Brady*, therefore, "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in this case, including the police." *Kyles*, 514 U.S. at 437.

*Strickler v. Greene*, 527 U.S. 263, 280-81 (1999).

The Supreme Court also stated that "[t]here are three components of a true *Brady* violation: [1] The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; [2] that evidence must have been suppressed by the State, either willfully or inadvertently; and [3] prejudice must have ensued." *Id.* at 281-82. Additionally, *Giglio v. United States*, 405 U.S. 150 (1972), requires the prosecution to disclose impeachment evidence "where the reliability of a given witness may well be determinative of guilt or innocence." *Id*. at 154 (internal quotation marks and citations omitted).

In this case, the Government's defense to the suppression motions filed by the defense relies entirely on the credibility of the federal agents. Their reliability is, without question, critical to this Court's determination of the issues raised by Mr. Ramadan and his attorneys. The Government's reasons for failing to preserve and disclose the requested evidence is inexcusable. The detention, interrogation and arrest of Mr. Ramadan implicates several constitutional issues that have previously been raised in the defense's Motions to Suppress Evidence. (Doc. Entry #19, 20, 29, 30) The circumstances surrounding Mr. Ramadan's removal from the

3

aircraft on August 15, 2017, and the events that followed were captured on surveillance video at the airport.  The buildings and interrogation rooms where Mr. Ramadan and his family were detained and questioned were populated by surveillance cameras. The reason for having cameras in these area is to preserve evidence so that if and when a situation should arise where video and audio evidence would assist federal agents in a subsequent investigation.   It is inconceivable that an investigation which was initially focused on determining whether a U.S. citizen was connected to or a supporter of a hostile terrorist organization would fail to preserve video evidence of the federal agents' detention and interrogation of that individual.  What is even more incomprehensible is how the government could conclude that the defense would not view this evidence as potentially exculpatory.

In fact, it is Mr. Ramadan's position that had this evidence been turned over to the defense, as it should have been, it would have supported all of the representations he has made in his Motions to Suppress Evidence.   The surveillance footage came within the ambit of Rule 16 of the FRCP, and *Brady*. The government had an affirmative obligation to retain and fully disclose it to the defense.  Their decision to disregard their obligations under the Standing Order for Discovery, Rule 16 and Brady in this instance has come at a great cost to Mr. Ramadan.   The agents have put him in the position of having to contest the

imprimatur of credibility that is bestowed upon federal agents, with simply his word against theirs. Instead of having within his arsenal the audio and video evidence that was available to support his claims, he is left with only his word, against that of multiple federal agents. Mr. Ramadan cannot possibly be placed in the position he would have been in if the Government had met its disclosure obligations in a timely manner.

Because the circumstances presented have such important implications in terms of prejudice and curability, this Court should dismiss the Indictment with prejudice. Any lesser remedy would fail to account for the fact that due to the Government's improper actions, Defendant has been deprived of the opportunity to gather and present important exculpatory evidence, conduct a meaningful investigation, and mount appropriate challenges to the Government's case. Undoubtedly the failure to preserve and turn on this discovery has substantially impaired the defense counsels' ability to effectively advise their client on appropriate defenses and trial strategies.

In the alternative, the Court should at least preclude the testimony of all agents involved in the detention and interrogation of Mr. Ramadan. Although such a remedy would fail to account for Defendant's inability to collect apparent exculpatory evidence, it would at least prevent the government from profiting from its impeachment of Mr. Ramadan's constitutional rights. This Court should not

permit the Government to present testimony of any of the agents that detained and/or interrogated Mr. Ramadan or his wife because to do would deprive Mr. Ramadan of his right to effectively cross examine those witnesses, and to have the Court assess their credibility.  Additionally, to do so would violate Defendant's rights under Rule 16, the Due Process Clause of the Fifth Amendment, and the Confrontation and Compulsory Process Clauses of the Sixth Amendment, and reward the Government for its egregious conduct.

Respectfully submitted,

**FEDERAL DEFENDER OFFICE**

 s/Andrew Densemo
ANDREW DENSEMO (P37583)
COLLEEN P. FITZHARRIS
Attorneys for Defendant
613 Abbott Street, 5th Floor
Detroit, Michigan 48226
(313) 967-5829
E-mail:  andrew_densemo@fd.org
E-mail:  colleen_fitzharris@fd.org

Dated:  December 20, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

YOUSEF RAMADAN,

Defendant.

_____/

CR. NO. 17-20595

HON. MARIANNE O. BATTANI

## CERTIFICATE OF SERVICE

I, hereby certify that on December 20, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

RONALD WATERSTREET
Assistant United States Attorney
United States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
E-mail: ronald.waterstreet@usdoj.gov

### FEDERAL DEFENDER OFFICE

s/Andrew Densemo
ANDREW DENSEMO (P37583)
Attorney for Defendant
613 Abbott Street, 5th Floor
Detroit, Michigan 48226
(313) 967-5829
E-mail: andrew_densemo@fd.org