UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                Plaintiff,

                                         Case No. 17-20595
v.                                       Hon. Marianne O. Battani

YOUSEF MOHAMMAD RAMADAN,

                Defendant.
_____/


GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
FOR RETURN OF SEIZED PROPERTY

      The United States of America, by and through its undersigned counsel, files this opposition to defendant's Motion for Return of Seized Property (R. 31, PgID 343). Ramadan's motion alleges that Customs and Border Patrol officers at the Detroit Metropolitan Airport seized "several thousand dollars in cash, jewelry and gold" from him. Ramadan seeks the return of this property pursuant to Federal Rule of Criminal Procedure 41(g). Ramadan's motion should be denied because he failed to meet his burden of showing that the government seized these items and is in possession of them.

ARGUMENT

Rule 41(g) states that: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return," and that the "court must receive evidence on any factual issue necessary to decide the motion." Motions made pursuant to Rule 41(g) are "essentially a civil equitable proceeding." *Savoy v. United States*, 604 F.3d 929, 932 (6th Cir. 2010). The person seeking return of the property bears the burden of establishing that the property is in the government's possession and that the person is entitled to possess it. *Id.* at 933; *United States v. Flemming*, 2017 WL 5885661, *2 (E.D.MI 2017) ("the burden of proof for a Rule 41(g) claim is on the claimant of the property, and the claimant must show that he is lawfully entitled to possess the property"). A district court "lacks subject-matter jurisdiction" over the motion "if there is no evidence that a federal agent or agency ever had real or constructive possession of the property." *United States v. Hayden*, 2009 WL 3872146, *2 (E.D.MI 2009).

Ramadan offers no evidence to support this claim that CBP officers took cash, gold and jewelry from him. His motion contains no affidavit or any other type of evidence to support his claims. Ramadan's motion does not even specify how much cash was allegedly taken, or what type of jewelry or gold was taken. These types of unsupported allegations are insufficient, as a matter of law, to warrant the granting of a motion for the return of property. *United States v. Oguaju*, 107 F. App'x 541,

2

543 (6th Cir. 2004) (affirming district court's denial of Rule 41 motion for return of luggage because defendant "failed to present any evidence that such luggage was ever in the possession of a federal government agent or agency"); *United States v. Obi*, 100 F. App'x 498, 499 (6th Cir. 2004) (affirming district court's denial of Rule 41 motion for return of property because defendant "failed to carry his burden of showing real or constructive possession of the property by the federal government").

The reason Ramadan offers no actual evidence to support his claims is because they are not true. According to CBP officers who interacted with Ramadan at the airport, the government did not seize any cash, gold or jewelry from Ramadan. Nor is the government in possession of any cash, gold or jewelry belonging to him. Ramadan offers no evidence to the contrary, and his motion should therefore be denied. *United States v. Rojas*, 2015 WL 5020667, *7 (E.D.TN 2015) (defendant's Rule 41 motion for return of wallet and gym bag denied because there was "no evidence that the DEA seized a wallet or gym bag . . . [t]he Government denies that a wallet or a gym bag were seized from the Defendant, and the Defendant has offered no evidence or even a proffer to the contrary.").

CONCLUSION

For the foregoing reasons, the defendant's motion for return of property should be denied.


                                        Respectfully submitted,

                                        MATTHEW SCHNEIDER
                                        United States Attorney


                                        *s/Ronald W. Waterstreet*
                                        RONALD W. WATERSTREET
                                        Assistant U.S. Attorney
                                        211 W. Fort St., Ste. 2001
                                        Detroit, MI 48226
                                        (313) 226-9100
                                        ronald.waterstreet@usdoj.gov

                                        *s/ Michael C. Martin*
                                        MICHAEL C. MARTIN
                                        Assistant U.S. Attorney
                                        211 W. Fort Street, Suite 2001
                                        Detroit, MI 48226
                                        (313) 226-9100
                                        michael.c.martin@usdoj.gov

Dated: January 24, 2018

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>January 24, 2018</u>, I filed the foregoing document on the ECF system, which will send notice to: Andrew Densemo, Federal Defender Office, 613 Abbott Street, 5th Floor, Detroit, MI 48226.

*s/ Michael C. Martin*
MICHAEL C. MARTIN
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9100
michael.c.martin@usdoj.gov
