UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                            Case No. 17-CR-20595

        v.                                Hon. Marianne O. Battani

YOUSEF MOHAMMAD RAMADAN,

                Defendant.

_____/

## YOUSEF RAMADAN'S SUPPLEMENTAL BRIEF
## REGARDING BURDENS OF PROOF

On January 30, 2018, this Court began taking evidence to address Yousef Ramadan's pending motions to suppress evidence and fruits of a warrantless search of his digital devices (R. 19, PgID 44–72) and the statements he made while being questioned by federal agents (R. 20, PgID 203–18). The parties dispute whether Mr. Ramadan bears the burden of proof and persuasion to resolve these issues. This supplemental brief addresses burdens of proof.

**A. Warrantless searches are presumptively unreasonable; the government bears the burden to rebut the presumption.**

"[T]he general rule [is] that warrantless searches are presumptively unreasonable . . . ." *Horton v. California*, 496 U.S. 128, 133 (1990) (footnote omitted). "In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the

1

warrant requirement." *Riley v. California*, 134 S. Ct. 2473, 2482 (2014). The government may therefore rebut the presumption that a warrantless search is unreasonable by showing that the search belongs to the "few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted).

When addressing whether a warrantless search falls within one of these exceptions, the Supreme Court has never spoken in terms of burdens of proof. *Riley* provides the most recent example of how the Court determines whether a warrantless search is reasonable. The Court did not address the question whether the defendant bears the burden of proof. Instead, the Court identified the justifications for the warrant exception and balanced those against the individual's privacy interests. *See* 134 S. Ct. at 2484–95.

Therefore, the question this Court must answer is legal, not factual, or even one of persuasion. Instead, this Court must begin with the presumption that the search of Mr. Ramadan's phone is unreasonable, and then ask whether the government has shown that it was given the context and purpose of the search.[1]

---

[1] The government may rely on *United States v. Smith*, 783 F.2d 648, 650 (6th Cir. 1986), to argue that Mr. Ramadan bears the burden of proof and persuasion. But there is a critical distinction between *Smith* and this case: when the police searched the home and found evidence of Smith's criminal activity, they had a warrant. Smith did not wish to testify at the evidentiary hearing to persuade the court that he had an expectation of privacy in another man's basement. *Id.* Accordingly, the Sixth Circuit held that he had no reasonable expectation of privacy, and therefore had no right to challenge the validity of the search. *Id.* Here, there is no dispute that federal agents performed a search of the digital devices, that the devices belonged to Mr. Ramadan, and that he had an expectation of privacy in those devices. *Smith* therefore does not change the ordinary

**B. The government bears the burden to prove Mr. Ramadan's statements were voluntary.**

Mr. Ramadan's statements to federal agents in the late-night hours of August 15 and early-morning hours of August 16 must be suppressed because they were not voluntary. "[A] criminal defendant who challenges the voluntariness of a confession made to officials and sought to be used against him at his trial has a due process right to a reliable determination that the confession was in fact voluntarily given and not the outcome of coercion which the Constitution forbids." *Lego v. Twomey*, 404 U.S. 477, 478 (1972). "[T]he prosecution must prove at least by a preponderance of the evidence that the confession was voluntary." *Id.* at 489.

**C. Under Sixth Circuit law, Mr. Ramadan bears the burden to show that he was in custody, but the government must prove voluntary waiver.**

The Supreme Court has always been clear that "the burden of showing admissibility rests . . . on the prosecution." *Brown v. Illinois*, 422 U.S. 590, 604 (1975). Nonetheless, the Sixth Circuit has said that the party seeking suppression of his statement "must demonstrate by a preponderance of evidence" that he was in custody and therefore law enforcement officers were required to give *Miranda* warnings. *United States v. Lawrence*, 892 F.2d 80 (6th Cir. 1989) (table). Once the defendant has shown that he made the statements during a custodial interrogation, the government regains the burden of showing by at least preponderance of the evidence that the required

---

rule that the government bears the burden of proving that a warrantless search is reasonable.

3

warnings were given, *United States v. Gonzalez*, 719 F. Supp. 2d 167, 171 (D. Mass. 2010); that the waiver *Miranda* was valid, *Colorado v. Connelly*, 479 U.S. 157, 169 (1986); and that the confession was voluntary, *Missouri v. Seibert*, 542 U.S. 600, 609 n.1 (2004) (citing; *Lego*, 404 U.S. at 489); *United States v. Charles*, 738 F.2d 686, 692 (5th Cir. 1984).

## CONCLUSION

In sum, the government must persuade this Court that the warrantless search of Mr. Ramadan's digital devices was reasonable under the circumstances. The government also bears the burden of showing that Mr. Ramadan's statements to federal agents were voluntary. If this Court is persuaded by a preponderance of the evidence that Mr. Ramadan was in custody, then the government must show that followed *Miranda*'s dictates. All other outstanding issues, such as whether Mr. Ramadan requested an attorney, will be resolved when this Court makes factual and credibility findings.

Dated: February 8, 2018                      Respectfully Submitted,

                                             **FEDERAL DEFENDER OFFICE**

                                             s/Andrew Densemo
                                             andrew_densemo@fd.org

                                             s/Colleen P. Fitzharris
                                             colleen_fitzharris@fd.org

                                             Attorneys for Yousef Ramadan
                                             613 Abbott St., 5th Floor
                                             Detroit, MI 48226
                                             Phone: 313-967-5542

## CERTIFICATE OF SERVICE

Counsel certifies that on the above date, the foregoing paper was filed with the clerk of the Court using the ECF system, which will send notification to opposing counsel.

**FEDERAL DEFENDER OFFICE**

s/Colleen P. Fitzharris
colleen_fitzharris@fd.org

Attorney for Yousef Ramadan
613 Abbott St., 5th Floor
Detroit, MI 48226
Phone: 313-967-5542