UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,               CASE NO. 17-20595

v.                                    HON. MARIANNE O. BATTANI

YOUSEF MOHAMMAD RAMADAN,

               Defendant.

_____/

## YOUSEF RAMADAN'S MOTION TO COMPEL DISCOVERY

Defendant Yousef Mohammad Ramadan, by his attorneys, Andrew Densemo and Colleen Fitzharris, pursuant to the Fifth and Sixth Amendment of the United States Constitution, Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83, 87–88 (1963), and *Giglio v. United States*, 405 U.S. 150, 153 (1972), to compel disclosure of discovery of the cell phone numbers and carriers of the federal agents that have testified during the evidentiary hearing.

In support of this motion, Mr. Ramadan states the following:

1.      Mr. Ramadan is charged with two counts of knowing possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k).

2.     Mr. Ramadan has filed a motion to suppress evidence and fruits of the search of his digital devices R. 19) and his involuntary and un-Mirandized statements and their fruits R. 20).

3.     At the evidentiary hearings conducted in this matter, Agents Schmeltz, Armentrout, Kelly, Brown, and Thomas all testified regarding email and text messages exchanged between themselves and others connected to the investigation, on August 15 and 16, 2017.

4.     The defense asked the prosecution to provide it with the cell phone numbers and the name of the cell service providers for these agents in order for the defense to subpoena the text message history of these agents on August 15 and16, 2017.

5.     The government refused to do so.

6.     Defense counsel has no way of requesting the issuance of a Rule 17(c) subpoena without this information.

7.     For Rule 16 to require disclosure, there need only "be an indication that pre-trial disclosure would have enabled the defendant to 'alter the quantum of proof in his favor.'" *United States v. Lykins*, 428 F. App'x 621, 624 (6th Cir. 2011) (quoting *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir.1993)).   In assessing materiality, the court examines "the logical relationship between the

information withheld and the issues in the case, as well as the importance of the information in light of the evidence as a whole." *Id.* at 624.

8.     In addition, Due Process requires disclosure of material and impeachment evidence affecting the outcome of a suppression hearing.  *See*, e.g., *United States v. Gamez–Orduno,* 235 F.3d 453, 461 (9th Cir. 2000) ("The suppression of material evidence helpful to the accused, whether at trial or on a motion to suppress, violates due process if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different."); *Nuckols v. Gibson*, 233 F.3d 1261, 1266–67 (10th Cir. 2000) (finding a *Brady* violation where "the prosecution withheld evidence that would have allowed defense counsel the means to test [the police officer's] credibility" where the admissibility of Mr. Nuckols's confession "hinged upon proof" that he initiated the interview).

9.     This discovery request is targeted at information that is material to Mr. Ramadan's defense because it is relevant and material to the motions to suppress evidence and quite possibly the defense's renewed Motion to Dismiss the Indictment.

10.     The government does not concur with this motion.

## <u>CONCLUSION</u>

Mr. Ramadan's motion to compel discovery should be granted and the prosecution should be ordered to provide the cell phone numbers and the cell service providers for Agents Armentrout, Brown, Kelly, Schmeltz and Thomas.

Respectfully submitted,

**FEDERAL DEFENDER OFFICE**

s/Andrew Densemo
ANDREW DENSEMO (P37583)
COLLEEN P. FITZHARRIS
Attorneys for Yousef  Ramadan
613 Abbott, 5th Floor
Detroit, Michigan 48226
Phone: (313) 967-5829
E-mail: andrew_densemo@fd.org
E-mal: colleen_fitzharris@fd.org

Dated:  August 30, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                  CASE NO. 17-20595

v.                                   HON. MARIANNE O. BATTANI

YOUSEF MOHAMMAD RAMADAN,

                Defendant.

_____/

## BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Various federal agents interrogated and investigated Yousef Ramadan for several hours on August 15, 2017, through the early morning hours of August 16, 2017.  At the evidentiary hearings, it came to light that these agents exchanged emails, phone calls, and text messages between themselves as well as other domestic and foreign law enforcement agencies.  The government has failed and refused to provide the defense with all  of the text messages and emails related to the interrogation of Mr. Ramadan that were exchanged between these agents during the evening of August 15 and 16, 2017.  Defense counsel asked the government to provide the cell phone numbers and cell service providers of the testifying agents so that the defense could independently obtain discovery relating to specifically to their text messages.  The government refused to

assist in obtaining this discovery, even though, it could not possibly prejudice the prosecution in any way.

Since the very beginning of these proceedings, the defense has made numerous discovery requests for any additional notes, writings, reports, or other documentation concerning the interrogation of Mr. Ramadan.  The government has repeatedly insisted that it has no obligation to provide the requested materials or that it has done so already. And yet, weeks later, the government produces more documents related to those requests. It has only been through court order that any relevant and material discovery has been given to the defense.  Once again, the defense is left with no alternative but to seek an order from this Court compelling the government to adhere to its discovery obligations.

## LEGAL STANDARD

### A. Federal Rule of Criminal Procedure 16(a)(1)(E) requires the government to disclose this information because it is "material to the defense."

Federal Rule of Criminal Procedure 16 "is the primary means of discovery in criminal cases." *United States v. Llanez-Garcia*, 735 F.3d 483, 493 (6th Cir. 2013).  The rule "delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution."  *Id.* (quotation marks omitted).   Under Rule

16(a)(1)(E), Mr. Ramadan has the right to discovery of documents or data that are "material to preparing the defense." Materiality is a "low threshold; it is satisfied so long as the information . . . would have helped" to prepare a defense. *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) (citation and internal quotation marks omitted).

Such information includes evidence material to the outcome of a suppression hearing. The Second and Ninth Circuits have both concluded that evidence material to a suppression issue is "material to preparing to the defense." In *United States v. McElroy*, 697 F.2d 459, 464 (2d Cir. 1982), for example, the government argued that Rule 16 did not require it to disclose the defendant's invocation of *Miranda* warnings because that information would not be part of the government's case-in-chief. The Second Circuit disagreed, however, and held that "[f]ar from being unrelated to the government's proof, or unnecessary to the defendant's defense, an invocation of rights in such a case frequently will determine the admissibility of a crucial portion of the government's evidence," *id.*, and the government was therefore required to disclose such evidence, *id.* at 465. In *United States v. Soto-Zuniga*, 837 F.3d 992, 998–1002 (9th Cir. 2016), the Ninth Circuit held that a district court abused its discretion by denying the defendant information relating to the constitutionality of a seizure of his automobile. *Id.* at 998, 1002. The court concluded, "Rule 16(a)(1)(E) permits discovery related to

the constitutionality of a search or seizure." *Id.* at 1000. The court then concluded that the requested information was material to the defense because "[a]fter that discovery, and with all material evidence on the table, the district court would have been in a superior position to assess and decide the motion to suppress." *Id.* at 1002.

The Sixth Circuit has struck a similar note, recognizing that the test for materiality is not whether the requested discovery itself will be used trial, but whether the discovery may assist Mr. Ramadan formulate a defense.  For Rule 16 to require disclosure, there need only "be an indication that pre-trial disclosure would have enabled the defendant to 'alter the quantum of proof in his favor.'" *United States v. Lykins*, 428 F. App'x 621, 624 (6th Cir. 2011) (quoting *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir.1993)).  In assessing materiality, the court examines "the logical relationship between the information withheld and the issues in the case, as well as the importance of the information in light of the evidence as a whole." *Id.* at 624.

### B. Due Process mandates disclosure of material and impeachment evidence that is relevant to suppression issues.

"[D]eliberate deception of a court . . . by the presentation of known false evidence is incompatible with rudimentary demands of justice." *Giglio v. United States*, 405 U.S. 150, 153 (1972) (internal quotation marks omitted).  The criminal justice system "suffers when any accused" – guilty or innocent – "is treated

unfairly." And thus, "[a] prosecut[or] [who] withholds evidence on demand of an accused which, if made available, would tend to . . . reduce the penalty." *Brady v. Maryland*, 373 U.S. 83, 87–88 (1963). Moreover, the government's duty to disclose evidence favorable to the defendant is grounded in the government's "overriding duty . . . to seek justice rather than convictions." *United States v. Foster*, 874 F.2d 491, 495 (8th Cir. 1988). That duty extends to law enforcement officers, *Moldowan v. City of Warren*, 578 F.3d 351, 381 (6th Cir. 2009), which surely the federal agents involved in Mr. Ramadan's interrogation are. This fundamental component of Due Process is established. *See id.* at 381- 89.

For these reasons, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. And favorable evidence includes evidence that undermines the credibility of a testifying police officer – particularly when the credibility of the officer is at issue. *Giglio*, 405 U.S. at 154–55.

The logic of *Brady*, *Giglio*, and their progeny apply with equal force at a suppression hearing. The outcome of a suppression hearing inevitably affects whether a defendant will be punished for his conduct at all. Even when the suppression of evidence does not result in complete dismissal of the charges against him, a successful motion to suppress may alter the range of punishments

the court may impose.   For example, suppression of evidence may result in dismissal of some, but not all, charges.   Or an order suppressing evidence may cause the government to offer a more favorable plea agreement.   Because evidence material at a suppression hearing may affect the defendant's punishment, the government has an obligation to disclose material and impeachment evidence before a suppression hearing.

Many courts of appeals agree the government's *Brady* and *Giglio* obligations apply to evidence material to the outcome of a suppression hearing. *See United States v. Gamez–Orduno,* 235 F.3d 453, 461 (9th Cir. 2000) ("The suppression of material evidence helpful to the accused, whether at trial or on a motion to suppress, violates due process if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different."); *Nuckols v. Gibson*, 233 F.3d 1261, 1266–67 (10th Cir. 2000) (finding a *Brady* violation where "the prosecution withheld evidence that would have allowed defense counsel the means to test [the police officer's] credibility" where the admissibility of Mr. Nuckols's confession "hinged upon proof" that he initiated the interview); *Smith v. Black,* 904 F.2d 950, 965–66 (5th Cir. 1990), *vacated on other grounds*, 503 U.S. 930 (1992) (holding that the government violated due process when it failed to disclose evidence that would have bolstered the impeachment of a detective who testified at a suppression hearing because the

impeachment material would have affected the outcome of the suppression hearing); *Biles v. United States*, 101 A.3d 1012, 1019 (D.C. 2014) ("[T]he suppression of material information can violate due process under *Brady* if it affects the success of a defendant's pretrial suppression motion."). *But see United States v. Hykes*, No. CR 15-4299 JB, 2016 WL 1730125, at *11 (D.N.M. Apr. 11, 2016) ("*Brady* does not require the United States to disclose impeachment evidence before suppression hearings.").

The Sixth Circuit has implied defendants have a right to *Brady* and *Giglio* material before a suppression hearing. In *United States v. Seymour*, 739 F.3d 923, 927 (6th Cir. 2014), the court suggested that a defendant may have a viable *Brady* or *Giglio* claim if he or she can offer more than mere speculation to believe police officers manufactured probable cause.

### C. This Court should use its broad discretion to regulate discovery.

Even if the Constitution does not demand that the government disclose this information, this Court maintains "broad discretion in regulating discovery." *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991). The rules governing discovery in criminal cases "leave[] intact a court's discretion to grant or deny the broader discovery requests of a criminal defendant." *United States v. Richards*, 659 F.3d 527, 543 (6th Cir. 2011).

### D. The requested documents and information are relevant to Mr. Ramadan's motions to suppress and motion for sanction as a result of the destruction of evidence.

There are multiple issues in dispute regarding the admissibility of evidence: whether there was reasonable suspicion or probable cause to search Mr. Ramadan's digital devices; whether he was in custody and interrogated; whether the circumstances surrounding his interview were coercive; and whether the government should be held accountable for the destruction of evidence. The requested items are all relevant to resolving those debates.

To start, the identities of all officers involved in the investigation of Mr. Ramadan at the airport was not clear until the first day of the evidentiary hearing. Some of the officers who testified were not mentioned in reports. It has also become clear that the government had not asked the agents involved for their notes, emails, or reports before the hearing. The additional request was to ensure Mr. Ramadan has access to information and documents relevant to the suppression issues.

Spoliation of evidence has become a critical component of this case. Not only were the video and audio recordings of the interrogation destroyed, but also contemporaneous notes that included Mr. Ramadan's responses to questions were shredded. The government has insisted nobody acted in bad faith and that this

evidence was destroyed in the ordinary course of business.  We are concerned that additional exculpatory evidence exists and is being deliberately withheld from the defense.  Emails and text messages have surfaced which suggests that multiple text messages were exchanged between these agents and others.  Yet the government insists that no other text messages exist, or any that the defense is entitled to see.  It is clear from the language of the text messages that other messages exist which have not been given to the defense.  The prosecution claims it has given over everything in its possession, but this begs the question, did the government deliberately maneuver to keep certain materials out of its possession.  Only a subpoena directed to the cell phone carriers of the above mentioned agents will answer that question.  The defense is entitled to definitive answer to that question. **The defense only wants the agents' text messages from the hours of 7:30 p.m. on August 15, 2107 to 5:00 a.m. on August 16, 2017, and only those which are related to the investigation of the Yousef Ramadan and his family.**

## **CONCLUSION**

Mr. Ramadan's motion to compel discovery should be granted.

Respectfully submitted,

**FEDERAL DEFENDER OFFICE**

s/Andrew Densemo
ANDREW DENSEMO (P37583)
COLLEEN P. FITZHARRIS
Attorneys for Yousef Ramadan
613 Abbott, 5th Floor
Detroit, Michigan 48226
Phone: (313) 967-5829
E-mail: andrew_densemo@fd.org
E-mal: colleen_fitzharris@fd.org

Dated: August 30, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                CASE NO. 17-20595

v.                                    HON. MARIANNE O. BATTANI

YOUSEF MOHAMMAD RAMADAN,

                Defendant.

_____/

## **CERTIFICATE OF SERVICE**

      I, hereby certify that on August 30, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                Ronald Waterstreet, Michael Martin, and Hank Moon
                Assistant U.S. Attorneys
                211 W. Fort St., Ste. 2001
                Detroit, MI  48226

                **FEDERAL DEFENDER OFFICE**

                s/Andrew Densemo
                ANDREW DENSEMO (P37583)
                COLLEEN P. FITZHARRIS
                Attorney for Defendant
                613 Abbott, 5th Floor
                Detroit, MI 48226
                Phone: (313) 967-5829
                E-mail: andrew_densemo@fd.org
                E-mail: colleen_fitzharris@fd.org