UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                      Case No. 17-20595
v.                                  Hon. Marianne O. Battani

YOUSEF MOHAMMAD RAMADAN,

      Defendant.
_____/

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL DISCOVERY [103]

      The United States of America, by and through its undersigned counsel, files this opposition to Ramadan's Motion to Compel Discovery (Docket No. 103). The defendant's motion is yet another in a long-line of unsuccessful requests for discovery to which he is not entitled under law. This latest discovery demand is particularly meritless because he seeks discovery of information that he intends to then use to obtain a subpoena. However, the law does not allow Ramadan to obtain a subpoena for the information he seeks. Ramadan also says that he will then use the subpoena to obtain additional information for the purpose of litigating motions that, in some cases, have already been denied by this Court.

## BACKGROUND

Ramadan's motion requests that the Court order the government to provide him with the cell phone number and cell phone service provider for five different federal law enforcement officers. (R. 103: Def. Motion to Compel, PgID 2030). Ramadan claims that he needs this information so that he can obtain a subpoena under Federal Rule of Criminal Procedure 17(c) to the service providers for the agents' text messages during the time Ramadan was at the airport from August 15-16, 2017. (*Id.*). Without any detailed explanation, Ramadan asserts these text messages are relevant to three issues: (1) "whether there was reasonable suspicion or probable cause to search Mr. Ramadan's digital devices," (2) whether Ramadan "was in custody and interrogated," and (3) whether the government should be held accountable for the destruction of evidence, namely the destruction by the Wayne County Airport Authority of surveillance footage from inside the airport and the destruction of notes taken by Customs and Border Protection Officer Mitchell Armentrout. (*Id.* at PgID 2040).

## ARGUMENT

The sole reason Ramadan seeks the cell phone numbers of the law enforcement officers and their cellular service providers is so that he can request that the Court issue a Rule 17(c) subpoena to those service providers for the agents' text messages. The issuance of a Rule 17(c) for the agents' text messages is not permitted

2

under the law. If such text messages existed, their disclosure would be governed by the three sources of law that define the scope of a criminal defendant's access to discovery: (1) Federal Rule of Criminal Procedure 16, (2) the Jencks Act, and (3) the Due Process Clause of the Fifth Amendment, which includes exculpatory and impeaching information related to guilt or punishment, as outlined in *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). *United States v. Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988) ("the *Brady* rule, Rule 16 and the Jencks Act[ ] exhaust the universe of discovery to which the defendant is entitled"). The Supreme Court has made clear that "[t]here is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Unless the material falls within one of these three laws governing criminal discovery, Ramadan is not entitled to receive it.

Ramadan cannot use a Rule 17(c) subpoena to obtain materials to which he is not entitled under *Brady*, the Jencks Act or Rule 16. *United States v. Nixon*, 418 U.S. 683, 698-99 (1974) ("courts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16"); *United States v. Llanez-Garcia*, 735 F.3d 483, 494 (6th Cir. 2013) ("The Supreme Court has cautioned . . . that Rule 17(c) is not meant to provide an additional way to secure pretrial discovery."); *United States v. Felton*, 2017 WL 22276990, *2 (E.D. MI 2017) ("Rule 17(c) . . . is not intended to

supplement or authorize a broader scope of discovery in criminal cases than that which is already provided under Rule 16, Rule 26.2, the *Jencks* Act, and the *Brady/Giglio* line of cases.").

Ramadan has not shown that the text messages he seeks exist, let alone that they pertain to the search of his electronic devices or whether he was "in custody and interrogated." Ramadan repeatedly asked the five law enforcement officers about their text messages over the course of these proceedings – including at the most recent hearing on September 12, 2018 – and no testimony was elicited showing that any such text messages exist beyond the material that has already been provided in discovery. Ramadan's current discovery motion is therefore based on speculation that the law enforcement officers sent text messages about the search of his electronic devices and whether he was in custody or interrogated. This type of speculation is not sufficient to justify the granting of additional discovery under Rule 16. *United States v. Dobbins*, 482 F. App'x 35, 41 (6th Cir. 2012) (*citing United States v. Phillip*, 948 F.2d 241, 250 (6th Cir. 1991) ("[i]t is a defendant's burden to make a *prima facie* showing of materiality in order to obtain disclosure of a document under Rule 16.").

And even if such text messages did exist, their mere existence would not necessarily mean that they are discoverable. Ramadan's motion repeats his expansive view of Rule 16, Jencks and *Brady* – a view that is inconsistent with the

4

law and not shared by the government, for reasons articulated in previous filings. (R. 57: Government's Combined Opposition, PgID 796; R. 66: Government's Opposition to Defendant's Motion to Compel, PgID 1096). Typically it is the government that is "the sole judge of what evidence in its possession is subject to disclosure." *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988). This Court should not allow Ramadan to rummage through the text messages of law enforcement officers when he has not shown the messages exist, has not shown that they contain relevant information, and has not shown that they meet the requirements of Rule 16, Jencks or *Brady*.

Lastly, with respect to the destruction of airport surveillance video and Officer Armentrout's notes, these topics were the subject of a prior defense motion to dismiss the indictment. (R. 32: Def. Motion to Dismiss, PgID 351; R. 44: Def. Supplemental Brief Regarding Motion to Dismiss, PgID 685). That motion was denied in its entirety by this Court. (R. 82: Order Regarding Various Pending Motions, PgID 1637). Ramadan's claims regarding the airport surveillance video and the officer's notes have therefore been adjudicated. The Court should not now grant Ramadan discovery so that he can attempt to re-litigate the exact same motion he previously lost.

CONCLUSION

For the foregoing reasons, the Court should deny Ramadan's Motion to Compel Discovery.

                                          Respectfully submitted,

                                          MATTHEW SCHNEIDER
United States Attorney

*s/Ronald W. Waterstreet*
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9100
ronald.waterstreet@usdoj.gov

*s/ Michael C. Martin*
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9100
michael.c.martin@usdoj.gov

*s/ Hank Moon*
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9100
hank.moon@usdoj.gov

Dated: September 13, 2018

## **CERTIFICATE OF SERVICE**

      I hereby certify that on <u>September 13, 2018</u>, I filed the foregoing document on the ECF system, which will send notice to: Andrew Densemo, Federal Defender Office, 613 Abbott Street, 5th Floor, Detroit, MI 48226.

      <u>*s/ Michael C. Martin*</u>
      MICHAEL C. MARTIN
      Assistant U.S. Attorney
      211 W. Fort Street, Suite 2001
      Detroit, MI 48226
      (313) 226-9100
      michael.c.martin@usdoj.gov