UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                    CR NO. 17-20595

v.                                      HON. MARIANNE O. BATTANI

YOUSEF RAMADAN,

                    Defendant.

                                             /

## DEFENDANT'S MOTION TO DISMISS

Yousef Ramadan, by and through his attorney Andrew Densemo of the Federal Community Defender office, moves to dismiss the indictment on the basis that the government has failed to comply with the Court's order to provide discovery to Mr. Ramadan.  In support of this motion, Mr. Ramadan states the following:

1.     On February 19, 2019, defense counsel sent an email to opposing counsel and asked for any photographs which had been taken by the government of the interior of the apartment unit where Mr. Ramadan use to reside.

2.     On February 20, 2019, opposing counsel responded that the requested discovery would be hand-delivered on February 21, 2019.

3.      On February 21, 2019, opposing counsel delivered the requested discovery to defense counsel's office, in addition to other materials which had not previously been turned over to the defense.

4.      The discovery given to the defense on February 21, 2019, had been in the possession of the government for several months prior to defense counsel's request for the material.

5.      Despite defense counsel's repeated request for discovery, and the filing of several motions to dismiss the indictment based on the government's failure to provide discovery, the government has once again failed to provide discovery in a timely fashion, to Mr. Ramadan's detriment. The photographs would have been useful in Mr. Ramadan's initial bond hearing to rebut arguments by the government that he endangered others when he allegedly discharged a firearm from his apartment window. The additional discovery would have been used to support the motions previously filed by Mr. Ramadan. The government does not have the right to decide what discovery information is important or not important to Mr. Ramadan or his case. The government's obligation is not only to turn over material and impeachment evidence; it is to do so at a time when it may allow counsel meaningfully to prepare for trial, particularly in complex, fact-specific cases. *See United States v. Minsky*, 963 F.2d 870 (6th Cir. 1992) (quoting with approval *United States v. Salerno*, 937 F.2d 797, 807(2nd Cir. 1991) ("To say that the government satisfied its obligation

under *Brady* by informing the defendants of the existence of favorable evidence, while simultaneously ensuring that the defendants could neither obtain nor use the evidence, would be nothing more than a semantic somersault."). Since the requested information was not disclosed to defendant promptly, the government has violated Mr. Ramadan's constitutional rights to due process, to present a defense, to compulsory process, and to effective assistance of counsel.

6.      As a result of his continued detention, Mr. Ramadan has been unable to effectively assist his attorneys. Mr. Ramadan has been subjected to limited access to his discovery at the Federal Detention Center. There are four computers which have to be shared by over 300 inmates. There is a great deal of electronic discovery in this case that Mr. Ramadan cannot view because of the limitations and restrictions that he is subject to at the Detention Center. These restrictions have become even more burdensome since the assaults and homicide that took place recently. Mr. Ramadan has been denied access to the law library on multiple occasions in violation of his right to do so.

7.      Mr. Ramadan sought the government's concurrence. The Assistant U.S. Attorneys do not concur in the relief requested.

WHEREFORE, based on the government's failure to comply with this Court's orders to provide the defendant with discovery, and Mr. Ramadan's inability to

review his discovery at the detention center, we respectfully move to dismiss the

indictment, with prejudice.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**
**EASTERN DISTRICT OF MICHIGAN**


s/Andrew Densemo
ANDREW DENSEMO (P37583)
Attorney for Defendant
613 Abbott Street, 5th Floor
Detroit, Michigan 48226
(313) 967-5829


Dated:  March 25, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

          Plaintiff,                 CR NO. 17-20595

v.                                HON. MARIANNE O. BATTANI

YOUSEF RAMADAN,

          Defendant.

                                    /

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

The defense re-alleges the factual representations in its Motion to Dismiss.

### A.    The Remedy for Violation of Discovery Requirements

Under Rule 16, where the Government fails to comply with its discovery obligations, this Court has broad discretion to "enter any . . . order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2)(D).   "In determining an appropriate sanction, the court should consider: (1) the reasons for the government's failure to disclose, including any bad faith on the part of the government; (2) the extent to which the defendant is prejudiced by the failure to disclose; and (3) the feasibility of curing the prejudice by granting a continuance." 35 Geo. L.J. Ann. Rev. Crim. Proc. 203, 346-49 (collecting cases).

Federal Rule of Criminal Procedure 16(a) provides in part that the government must disclose, on defendant's request, documents and objects that are "within the government's possession, custody, or control" and material to the defense. Fed. R. Crim. P. 16(a)(1)(E). Under Rule 16, the government has a "continuing duty to disclose," meaning that it must turn over to the defense any required materials that arise after a discovery request. Fed. R. Crim. P. 16(c). Where a party fails to comply with Rule 16, the court may, among other things, prohibit that party from introducing a particular piece of evidence or "enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2).

In addition to Rule 16(a), the government in a criminal case must also honor the defendant's constitutional right to discovery. In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that due process requires the government to turn over to the defense evidence that is material to guilt or punishment. *See id.* at 87. Recently, the Supreme Court summarized the *Brady* doctrine as follows:

> In *Brady*, this Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. We have since held that the duty to disclose such evidence is applicable even though there has been no request by the accused, *United States v. Agurs*, 427 U.S. 97, 107 (1976), and that the duty encompasses impeachment evidence as well as exculpatory evidence, *United States v. Bagley*, 473 U.S. 667, 676 (1985). Such evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result

2

of the proceeding would have been different." *Id*. at 682; *see also Kyles v. Whitley*, 514 U.S. 419, 433-434 (1995). Moreover, the rule encompasses evidence "known only to police investigators and not to the prosecutor." *Id*. at 438. In order to comply with *Brady*, therefore, "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in this case, including the police." *Kyles*, 514 U.S. at 437.

*Strickler v. Greene*, 527 U.S. 263, 280-81 (1999).

The Supreme Court also stated that "[t]here are three components of a true *Brady* violation: [1] The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; [2] that evidence must have been suppressed by the State, either willfully or inadvertently; and [3] prejudice must have ensued." *Id.* at 281-82.

Here, the Government's failure to disclose the requested evidence is inexcusable. This Court ordered the government to provide the requested materials to defendant but they have disregarded the defendant's demand for the court ordered information. The government's decision to disregard their obligations under the Standing Order for Discovery, Rule 16 and *Brady*, Court's unambiguous Orders in this instance has come at a great cost to Mr. Ramadan. He languishes in federal custody due in large part to the government's recalcitrance in providing court ordered discovery.

Because the circumstances presented have such important implications in terms of prejudice and curability, this Court should dismiss the Indictment with

prejudice.  To allow this kind of behavior would violate Mr. Ramadan's rights under

Rule 16, the Due Process Clause of the Fifth Amendment, and the Confrontation and

Compulsory Process Clauses of the Sixth Amendment, and reward the Government

for all of the discovery violations it has committed.  For all of these reasons the Court

should dismiss the indictment with prejudice.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**
**EASTERN DISTRICT OF MICHIGAN**

s/Andrew Densemo
ANDREW DENSEMO (P37583)
Attorney for Defendant
613 Abbott Street, 5th Floor
Detroit, Michigan 48226
(313) 967-5829
E-mail:  andrew_densemo@fd.org

Dated:  March 25, 2019

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                 CR. NO. 17-20595

         Plaintiff,

v.                             HON. MARIANNE O. BATTANI

YOUSEF RAMADAN,

         Defendant.

_____/

## CERTIFICATE OF SERVICE

I, hereby certify that on March 25, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                       HANK MOON
                       BEN COATS
                       United States Attorney's Office
                       211 W. Fort Street, Suite 2001
                       Detroit, Michigan 48226

                       **FEDERAL COMMUNITY DEFENDER**
                       **EASTERN DISTRICT OF MICHIGAN**

                       s/Andrew Densemo
                       ANDREW DENSEMO (P37583)
                       Attorney for Defendant
                       613 Abbott Street, 5th Floor
                       Detroit, Michigan 48226
                       (313) 967-5829
                       E-mail: andrew_densemo@fd.org