UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,          CR. NO. 17-20595

v.

                               HON. MARIANNE O. BATTANI

YOUSEF RAMADAN,

                    Defendant.

_____/

**DEFENDANT'S MOTION FOR A CHANGE OF VENUE**

NOW COMES the Defendant, Yousef Ramadan ("Defendant Ramadan"), by and through counsel, Andrew Densemo, and moves this Honorable Court to enter an order for a Change of Venue.

In support of said Motion, counsel further states as follows:

1.      That Mr. Ramadan is charged with several serious offenses, Possession of Stolen Firearms, Possession of Firearms with Obliterated Serial Numbers, and Possession of an Unregistered Silencer.

2.      That the standards governing change of venue derive from the Fourteenth Amendment's due process clause, which safeguards a Defendant's Sixth Amendment right to a fair trial by a panel of impartial, indifferent jurors. U.S.C.A. Const.Amends. 6, 14.

3.     That when a trial court is unable to seat an impartial jury because of prejudicial pretrial publicity or an inflamed community atmosphere, due process requires the trial court to grant a defendant's motion for change of venue. U.S.C.A. Const.Amends. 6, 14.

4.     That due process requires that a criminal defendant "receive a trial by an impartial jury free from outside influences."  Shevioard v. Maxwell, 384 U.S. 333, 362 (1966).

5.     That the Supreme Court has insisted that an accused be tried by "a public tribunal free of prejudice, passion, excitement, and tyrannical power." Chambers v. Florida, 309 U.S. 227, 236-237, 60 S.Ct. 472, 476-477 (1940). The Court has also recognized that failure to ensure the impartiality of a jury "violates even the minimal standards of due process." Irvin v. Dowd, 366 U.S. 717, 722, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751 (1961).

6.     That during the course of pretrial proceedings, there has been extensive media coverage in connection with this case including:

> a.     Local television news coverage of several pretrial hearings.
>
> b.     Local newspaper coverage of several pretrial hearings.
>
> c.     Local newspaper articles that provide information about different motions that have been recently filed.

     d.     National media coverage of particular pretrial hearings.

     e.     Online news article covering several pretrial hearings.

7.     That a litany of news articles, stories, documentaries, television broadcast, etc., reference this matter.

8.     That the news coverage of this case contains false, misleading and slanted reporting, all of which has been highly inflammatory.

9.     That there has certainly been an extensive amount of prejudicial pretrial publicity in this case.

10.     That the media coverage in this matter has assisted in creating an environment of hostility toward Mr. Ramadan in the State of Michigan.

11.     That within the State of Michigan, there exists preconceived notions of guilt and an overall hostility towards Mr. Ramadan.

12.     That there continues to be suspicion, distrust and animosity exhibited towards Muslims and people of middle eastern heritage, within the U.S.

13.     That residents of the State of Michigan have a high interest in this case because the alleged offense occurred within a reasonably uncomfortable proximity of their residence.

14.     That residents of the state of Michigan have been inundated with false and inflammatory information about Mr. Ramadan, most importantly that he was a

3

supporter of terrorist organizations and enemies of the United States.  In fact, the news media has given them no reason to believe otherwise.

15.    That with such prevalent thoughts amongst residents in this state, it is unlikely that members from the jury pool will be impartial.

16.    That it is without question that there is an inflamed public community atmosphere in the State of Michigan towards Mr. Ramadan.

17.    That this case has gained national attention, but this attention is heightened in Michigan because this is where the alleged offenses occurred.

19.    That whenever there is a hearing for this case, details are shown on the local news and printed in the newspapers throughout the State of Michigan. However, coverage of this case in other areas of the nation is not nearly as extensive.

20.    That outside the State of Michigan, there is a significant drop-off in the level of media attention this case receives.

21.    That it is unlikely to find a Michigan resident who is not familiar with this case and who does not have an opinion, which realistically cannot be cured.

22.    That it is unlikely to find a Michigan resident who is not familiar with this case and/or who has not been exposed to the one-sided media coverage which has continuously portrayed Mr. Ramadan in a false light.

23.    That the only way to ensure that Mr. Ramadan receives a fair and impartial jury is to change the venue.

WHEREFORE, counsel and Mr. Ramadan request that this Honorable Court grant the motion for a Change of Venue.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**
**EASTERN DISTRICT OF MICHIGAN**


s/Andrew Densemo
ANDREW DENSEMO (P37583)
Attorney for Defendant
613 Abbott, 5th Floor
Detroit, Michigan 48226
Phone: (313) 967-5829
E-mail: andrew_densemo@fd.org

Dated: August 13, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,           CR. NO. 17-20595

v.

                                  HON. MARIANNE O. BATTANI

YOUSEF RAMADAN,

               Defendant.

_____/

### BRIEF IN SUPORT OF DEFENDANT YOUSEF RAMADAN'S MOTION FOR A CHANGE OF VENUE

The standards governing change of venue derive from the Fourteenth Amendment's due process clause, which safeguards a defendant's Sixth Amendment right to a fair trial by "a panel of impartial, „indifferent" jurors." Irvin v. Dowd, 366 U.S. 717, 722, 81 S.Ct. 1639, 1642 (1961). The trial court may be unable to seat an impartial jury because of prejudicial pretrial publicity or an inflamed community atmosphere; in such a case, due process requires the trial court to grant a defendant's motion for a change of venue or a continuance. Rideau v. Louisiana, 373 U.S. 723, 726, 83 S.Ct. 1417, 1419 (1963).

Prejudice is presumed where pretrial publicity is so pervasive and inflammatory as to saturate the community where the trial was held. Rideau, 373

1

U.S. at 726-27, 83 S.Ct. at 1419-20; Murphy, 421 U.S. at 798-99, 95 S.Ct. at 2035; see also Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507 (1966); Estes v. Texas, 381 U.S. 532, 85 S.Ct. 1628 (1965).  Although application of the presumed prejudice standard is "relatively rare", where a defendant brings forth evidence of inflammatory and prejudicial pretrial publicity that so pervades the community so as to render virtually impossible a fair trial by an impartial jury drawn by that community, jury prejudice is presumed and there is no further duty to establish bias. Rideau, 373 U.S. at 727, 83 S.Ct. at 1419.

In the instant matter, Mr. Ramadan was profiled and labeled as a likely terrorist or terrorism supporter in legal filings, which was quickly and repeatedly written and talked about by the news media.  Social media also became a vast forum of opinions regarding Mr. Ramadan and his alleged support of enemies of the United States.  It was reported that Mr. Ramadan was a U.S. citizen living right next door in the city of Ypsilanti. As such, residents of the State of Michigan have a high interest in this case because the alleged offenses occurred within a reasonably uncomfortable proximity of their residence. Many of the residents in the state are enraged that such an alleged incident occurred not just in their country, but in their home state, near or in their home city. Many residents of the State of Michigan have perceived this as yet another example of how Muslims, even though they are United

2

States citizens, are not to be trusted.  It is without question that there is an inflamed public community atmosphere in Michigan towards Mr. Ramadan.

The standards governing change of venue derive from the Fourteenth Amendment's due process clause, which safeguards a Defendant's Sixth Amendment right to fair trial by panel of impartial, indifferent jurors. U.S.C.A. Const.Amends. 6, 14. When a trial court is unable to seat an impartial jury because of prejudicial pretrial publicity or an inflamed community atmosphere, due process requires the trial court to grant a defendant's motion for change of venue. U.S.C.A. Const. Amends. 6, 14.

Furthermore, the local media has not helped with their constant coverage of this matter.  This case has consistently appeared in local media outlets, and it can be argued that even two years after the alleged incident occurred, media coverage is intense. This case has received a huge amount of media attention from local media outlets. There has been local television news coverage of all pretrial hearings; local newspaper coverage of all pretrial hearings; and even local newspaper articles that provide information about different motions that have been recently filed. The overall news coverage of this case in the State of Michigan is much more extensive than anywhere else in the nation. Outside of the State of Michigan, there is a significant drop-off in the level of media attention this case receives.

3

The Supreme Court has recognized that failure to ensure the impartiality of a jury "violates even the minimal standards of due process." Irvin, 366 U.S. at 722. The media coverage in this matter has assisted in creating an environment of hostility toward Mr. Ramadan in the State of Michigan.  Within the community for which the jury will be selected, there exists a preconceived notion of guilt and an overall hostility towards the Defendant.  With such strong negative local media attention this case has garnered, combined with the local preconceived notions that have been prevalent amongst Michigan residents, it will be nearly impossible to find an impartial jury from the standard jury pool.

WHEREFORE, counsel and Mr. Ramadan requests that this Honorable Court grant the motion for a Change of Venue.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**
**EASTERN DISTRICT OF MICHIGAN**

s/Andrew Densemo
ANDREW DENSEMO (P37583)
Attorney for Defendant
613 Abbott, 5th Floor
Detroit, Michigan 48226
Phone: (313) 967-5829
E-mail: andrew_densemo@fd.org

Dated:  August 13, 2019

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,             CR. NO. 17-20595

v.

                                 HON. MARIANNE O. BATTANI

YOUSEF RAMADAN,

                    Defendant.

_____/

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2019, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**Benjamin Coats and Douglas Salzenstein**
211 W. Fort Street
Ste. 2001
Detroit, MI 48226

**FEDERAL COMMUNITY DEFENDER
EASTERN DISTRICT OF MICHIGAN**


s/Andrew Densemo_____
ANDREW DENSEMO (P37583)
Attorney for Defendant
613 Abbott, 5th Floor
Detroit, Michigan 48226
Phone: (313) 967-5829
E-mail: andrew_densemo@fd.org

Dated: August 13, 2019