# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: September 22, 2020

Mr. Richard D. Korn
Law Offices
645 Griswold
Suite 1717 Penobscot Building
Detroit, MI 48226

Mr. Henry Edward Moon, III
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226

Re: Case No. 20-1450, *USA v. Yousef Ramadan*
Originating Case No. : 2:17-cr-20595-1

Dear Counsel:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Karen S. Fultz
Case Manager
Direct Dial No. 513-564-7036

cc: Mr. Douglas Cory Salzenstein
Mr. David J. Weaver

Enclosure

Mandate to issue

No.  20-1450

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
┌──────────────────────────────────┐
│              FILED               │
│           Sep 22, 2020           │
│      DEBORAH S. HUNT, Clerk      │
└──────────────────────────────────┘
```

UNITED STATES OF AMERICA,                 )
                                          )
          Plaintiff-Appellee,             )
                                          )
v.                                        )          O R D E R
                                          )
YOUSEF MOHAMMAD RAMADAN,                  )
                                          )
          Defendant-Appellant.            )


Before:  SUHRHEINRICH, GIBBONS, and KETHLEDGE, Circuit Judges.


Yousef Mohammad Ramadan, a pretrial detainee, appeals the denial of his emergency motion to reopen his detention proceedings or for temporary release under 18 U.S.C. § 3142(i). Ramadan is charged with possession of two firearms with obliterated serial numbers, possession of a stolen firearm, and possession of an unregistered silencer.  These items were discovered after Ramadan was detained at Detroit Metropolitan Airport when an outbound baggage examination revealed that his family's luggage contained export-controlled body armor; other paramilitary gear; and numerous electronic devices depicting, among other things, over 1500 pictures and videos of ISIS propaganda, pictures and videos of a suspected homemade pipe bomb, and pictures of Ramadan posing with weapons while making the ISIS hand gesture.  Ramadan argues that the district court erred in denying his motions to reopen his detention hearing and for temporary release, based on his health concerns related to COVID-19 and his current inability to help prepare his defense.  The government opposes reversal.  Ramadan replies and requests oral argument.  The

government waives oral argument. The facts and legal arguments are adequately presented on the briefs; thus, we unanimously agree that oral argument is not necessary. Fed. R. App. P. 34(a)(2)(C).

A defendant must be detained pretrial if, after conducting a hearing, the district court determines "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The district court may reopen a hearing if it: (1) finds that information exists that was not known to the defendant at the time of the original hearing; and (2) the information "has a material bearing on the issue whether there are conditions of release that will reasonably assure" the defendant's appearance and the safety of any other person and the community. *Id.* § 3142(f)(2). We review the denial of a motion to reopen for an abuse of discretion. *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012).

To reopen a proceeding, a defendant must first establish that the information was not previously known to him. Courts interpret this requirement strictly, requiring a showing of truly changed circumstances or a significant event. *See United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991) (per curiam); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Peralta*, 849 F.2d 625, 626−27 (D.C. Cir. 1988) (per curiam). However, "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Brown*, 819 F.3d 800, 829 (6th Cir. 2016) (internal quotation marks and citations omitted). The district court generally found that Ramadan did not meaningfully address the standard to reopen. Further, it found that while the pandemic constituted new information not previously known, it was not material to the likelihood that Ramadan would

appear, or the risk posed to the public if he were released.  The record supports the district court's findings; thus, it did not abuse its discretion in denying reopening.

A district court "may . . . permit the temporary release of [a defendant], in the custody of a United States marshal or another appropriate person, to the extent that the [district court] determines such release to be necessary for preparation of the person's defense or for another compelling reason."  18 U.S.C. § 3142(i).  "The defendant has the burden of establishing circumstances warranting temporary release pursuant to § 3142(i)."  *United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *2 (6th Cir. May 21, 2020) (citations omitted).  The district court's denial of Ramadan's § 3142(i) request is reviewed for abuse of discretion.  *Id.* at *2.

First, "the release must be 'temporary,' no longer than needed to complete the 'necessary' defense preparations or to resolve the other 'compelling' circumstances."  *Id.* (quoting *United States v. Shelton*, No. 3:19-cr-14, 2020 WL 1815941, at *3 (W.D. Ky. Apr. 9, 2020)).  Before the district court, Ramadan did not request a temporary release with a certain end date, and the district court did not consider his failure to request an end date.  Instead, Ramadan seeks release "until the Covid-19 pandemic passes."  That, however, "would not be synonymous with either a reduction in COVID-19 at his facility or a lifting of the temporary restrictions that he asserts impact his access to counsel at his facility."  *Id.* at *2.

We recently addressed what constitutes a compelling reason for temporary release, finding that generalized fears of contracting COVID-19, without more, do not constitute a compelling reason.  *United States v. McGowan*, No. 20-1617, 2020 WL 3867515, at *2 (6th Cir. July 8, 2020).  Rather, we cited with approval the case-by-case factors adopted in *United States v. Clark*, No. 19-40068-01, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020).  *Id.*  Under that test, courts:

> will evaluate at least the following factors: (1) the original grounds for the
> defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-

19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others. The court will not necessarily weigh these factors equally, but will consider them as a whole to help guide the court's determination as to whether a "compelling reason" exists such that temporary release is "necessary."

*Clark*, 2020 WL 1446895, at *3 (quoting 18 U.S.C. § 3142(i)).

Although the district court did not cite this test here, it generally considered these factors. The district court outlined its prior findings supporting Ramadan's danger to the community and risk of flight if released pending trial. The district court also addressed Ramadan's claimed history of chronic asthma and diabetes, which the government showed, through medical records, was fabricated. Ramadan has no history of asthma or other respiratory issues. His claim that he has diabetes has likewise been proven false through numerous A1C tests, the most recent of which did not even show him at a "high risk" for diabetes. Thus, the district court found that Ramadan's claim relied only on "generalized concerns of the COVID-19 pandemic," which courts have found do not constitute a compelling reason that justifies release under § 3142(i). *E.g.*, *United States v. Tubbs*, No. 20-20161, 2020 WL 1898842, at *1 (E.D. Mich. Apr. 15, 2020); *Clark*, 2020 WL 1446895, at *3.

Ramadan's proposed release plan before the district court stated only that he would be released on electronic GPS tether and confined to his sister's home under house arrest until the COVID-19 pandemic passes. However, besides stating that his sister, her husband, and her children are all observing social distancing guidelines, Ramadan does not present a "tailored" plan regarding his COVID-19 risks. *Clark*, 2020 WL 1446895, at *3 (stating that the court will evaluate "the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant"). Further, Ramadan's release to home confinement would put at risk his family and the pretrial service officers supervising his release. *See United States v. Nero*, 2020

WL 1672656, at *4 (E.D. Mich. Apr. 6, 2020).  Thus, the district court did not abuse its discretion in denying temporary release based on conditions created by the pandemic.

In determining what conditions require release for defense preparation, this court has evaluated whether pretrial release is "necessary" under § 3142(i), considering "(1) the time and opportunity the defendant had to prepare for the trial and participate in his defense, (2) the complexity of the case and volume of information, and (3) expense and inconvenience associated with preparing while incarcerated."  *Bothra*, 2020 WL 2611545, at *2.  "Temporary release is not warranted when a defendant 'has had ample time to prepare his defense, even given the practical limitations on his access to telephones and the Attorney Conference Room.'"  *Id.* (quoting *United States v. Persico*, No. S 84 Cr. 809, 1986 WL 3793, at *2 (S.D.N.Y. Mar 27, 1986)); *see also United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *3 (S.D. Ohio March 30, 2020) (holding that limited access to counsel due to the COVID-19 pandemic is not sufficient if there were prior opportunities for significant trial preparation).  The district court did not meaningfully consider whether Ramadan's ability to help in his defense was restrained.  However, Ramadan's trial date has not yet been set, he has been detained since 2017, and he has had adequate access to his counsel throughout this time.  Only recently has his access to in-person meetings with counsel been limited.  Under these circumstances, and given the deferential standard of review, the district court did not abuse its discretion in denying temporary release or reconsideration on this basis.

The district court's pretrial detention order is **AFFIRMED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk