UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

      Case No. 17-20595
      HON. VICTORIA A. ROBERTS

YOUSEF MOHAMMAD RAMADAN,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S NOTICE OF DEMAND FOR SPEEDY TRIAL AND CRITICAL CRIMINAL TRIAL DETERMINATION

**I.  INTRODUCTION**

Before the Court is Yousef Ramadan's ("Ramadan's") demand and request for this case to be determined a critical criminal trial in accordance with Court Administrative Order, 20-AO-038R.

Ramadan is charged with possession of two firearms with obliterated serial numbers, possession of a stolen firearm, and possession of an unregistered silencer. He has been detained since August 2017.

1

## II.  DISCUSSION

The Sixth Amendment and the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, protect a criminal defendant's right to a speedy trial. The Speedy Trial Act states:

> [i]n any case in which a plea of not guilty is entered, the trial of a defendant is charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date occurs last.

18 U.S.C. § 3161(c)(1). The Speedy Trial Act provides many exceptions during which the delay in a defendant's trial are excluded from the seventy-day clock. Particularly, the Speedy Trial Act excludes:

> [a]ny period of delay resulting from a continuance granted by any judge on [her] own motion…if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

On March 13, 2020, the White House declared a National Emergency in response to the World Health Organization's announcement of the COVID-19 outbreak as a global pandemic. *See* Proclamation on Declaring a

National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (March 13, 2020), https://perma.cc/2ZDZ-28EW.

The Center for Disease Control and Prevention ("CDC") issued guidance to combat the spread of COVID-19 and promote the health and well-being of the nation. *See* Protect Yourself (last updated Nov. 4, 2020), https://perma.cc/R94G-PELH. This guidance recommends people avoid close contact with others (*i.e.*, maintain six feet distance) and wear face coverings in public or when around others. *Id.* Despite this guidance, the CDC continues to report thousands of new COVID-19 cases in the United States daily. *See* COVID-19 Cases and Deaths by State, https://perma.cc/26UE-4JL3.

In Michigan, Governor Gretchen Whitmer issued Executive Order No. 2020-21 urging people to stay home and safe. The order limited gatherings and travel and required workers who were not necessary to sustain or protect life to stay home. The order, which could have reopened Michigan by April 14 at the earliest, was extended to June 1. Gyms, salons, parks, arcades, and more remained closed at that time. Since June 1, Governor Whitmer has used a phased approach to reopen the rest of Michigan's economy.

3

Most recently, Governor Whitmer announced Michigan Department of Health and Human Services' three-week statewide "pause" from November 18, 2020 to December 8, 2020. *See* Emergency Order under M.C.L. 333.2253 – Gatherings and Face Mask Order. The order shut down restaurant dining, in-person college and high school classes, and more. *Id*. As of November 24, 2020, Michigan has 347,746 confirmed cases and 9,094 confirmed deaths attributable to COVID-19. Michigan Data, https://perma.cc/LY77-PDWY. Michigan has 6,000 new cases per day, three times higher than the daily case rate in March 2020. *See* Emergency Order under M.C.L. 333.2253 – Gatherings and Face Mask Order.

Chief Judge Denise Page Hood issued several Administrative Orders in response to the COVID-19 outbreak in the Eastern District of Michigan. On July 21, 2020, in Administrative Order 20-AO-039, the Court found:

- "Proceeding with a jury trial at this time would be impossible, or result in a miscarriage of justice." See 18 U.S.C. § 3161(h)(7(B)(i).
- "[T]he ability of counsel for the defendant and for the government to prepare for trial is severely impaired by the health and travel restrictions imposed in light of the coronavirus outbreaks…and without a postponement of jury trials, counsel…will not have the reasonable

4

time necessary for effective preparation, taking into account the exercise of due diligence." See 18 U.S.C. § 3161(h)(7)(B)(iv).

- "[D]ue to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the recommendations from the State of Michigan and public health organizations on the availability of counsel and Court staff to be present in the courtroom, the time period of the postponement implemented by this administrative order will be excluded under the Speedy Trial Act from July 2, 2020 until further [order] of the Court, as the Court specifically finds that the ends of justice served by ordering the postponements outweigh the best interest of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A)."

On September 8, 2020, Chief Judge Hood ordered the Eastern District of Michigan to take a phased-in recovery approach in resuming operations. 20-AO-038R. The Court recognized the unique challenges presented by jury trials during the pandemic and found "[j]ury trials will commence on a date yet to be determined, and then only for critical criminal trials." *Id.* According to 20-AO-038R, critical criminal trials are determined by the presiding judge after addressing and balancing the following factors:

- Defendant is in custody;

5

- Time in detention approaches a defendant's likely sentencing guidelines minimum term;

- Detained defendant not receiving credit for custody time before trial;

- Passage of time may affect availability of prosecution or defense witnesses;

- Defendant has made speedy trial demand;

- COVID-19 high risk factors affecting defendant or defense counsel;

- Material witness is in custody;

- Seriousness of the charge;

- Issues that a delay may have on a victim;

- Jury trial was underway when the court was closed;

- Likelihood of the public's interest may draw a crowd to the courthouse;

- Needs of the case affecting the potential size of the jury pool;

- Potential length of the trial;

- The impact that the case might have on trials in related cases;

- Lawyer's travel needs;

- Need for individual *voire dire* questionnaires; and

- Multiple defendants.

While Ramadan meets some of the benchmarks in his favor to be considered a "critical criminal trial" (in custody, time in detention is approaching his

guideline minimum term, has made speedy trial demand), before the Court can balance the "critical criminal trial factors," the Chief Judge must set a date to resume jury trials. As of November 30, 2020, the Court has not done that.

The Eastern District of Michigan is not alone. A number of courts have not held jury trials since March and, recently, about two dozen U.S. district courts posted orders that suspend jury trials or grand jury proceedings, and other in-person proceedings in response to the nationwide rise in COVID-19 cases. *See* Courts Suspending Jury Trials as COVID-19 Cases Surge, Nov. 20, 2020, https://perma.cc/87TC-Q3DK.

In Michigan, the Wayne County Third Judicial Circuit closed to the public and suspended jury trials at the start of the pandemic. *See* Press Release – Hitting the Pause Button on Jury Trials, Bench Trials, and Evidentiary Hearings, Nov. 3, 2020, https://perma.cc/CP46-PAE3. Although the Third Circuit Court resumed trials the week of September 21, 2020 it paused them on November 3, 2020 because of the rising number of COVID-19 cases. *Id.* Similarly, on November 17, 2020, Detroit's 36th District Court announced that all matters, except for felony arraignments, emergency evictions, and virtual felony exams, are suspended through December 8,

7

2020. *See* 36th District Court Announced Temporary Closure Due to Covid-19. Nov. 17, 2020, https://perma.cc/HJ4M-BZH4.

Based on the ongoing nature of the COVID-19 pandemic in the district, the effect of national and local health recommendations, and the findings and conclusions in Chief Judge Hood's Administrative Orders 20-AO-039 and 20-AO-038R, it is necessary and appropriate to continue trial in this case and exclude time under the Speedy Trial Act. The expanding number of COVID-19 cases and deaths nationally, and in Michigan, Governor Whitmer's various executive orders and the three week "pause" in the state demand modifications in court practices to protect the public. Court and court operations are necessarily social operations, involving many people.

The Court does not take lightly the continuance of criminal trials and the exclusion of the period from the time clock under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), but the need to protect the health of the public during this deadly pandemic outweighs the rights of defendants and the public to a speedy trial. There is a significantly reduced ability to obtain an adequate spectrum of jurors and available counsel, witnesses, and court personnel to be present in the courtroom for trial. Empaneling a jury, conducting a trial, and arranging jury deliberations, with due regard for health and safety, are not possible in the physical facilities available to the Court.

8

## III.    CONCLUSION

The ends of justice are served by the Court's continuance of Ramadan's trial. The Court will decide whether Ramadan's trial is a "critical" one, once Chief Judge Hood decides that jury trials can resume in the Eastern District of Michigan. The Court **DENIES** Ramadan's motion.

**IT IS SO ORDERED.**

s/ Victoria A. Roberts

Victoria A. Roberts
United States District Judge

Date: November 30, 2020