UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,        CR. NO. 17-20595

v.

        HON. VICTORIA A. ROBERTS

YOUSEF RAMADAN,

        Defendant.

_____/

**MOTION FOR RELEASE ON UNSECURED BOND**

Defendant Yousef Ramadan, through his attorney, Andrew Densemo, of the Federal Community Defender, hereby moves for his release on unsecured bond. In support of same, Mr. Ramadan states as follows:

1. Mr. Ramadan has been in federal custody Since August 25, 2017.

2. No trial date is scheduled in this matter.

3. It is unknown when a trial will be conducted.

4. Mr. Ramadan's charges do not have the benefit of a presumption favoring detention.

5. Mr. Ramadan is housed at the Federal Detention Center in Milan, Michigan, which is experiencing an unprecedented increase in the number of inmates testing positive for COVID-19. This constitutes a substantial change in circumstances since Mr. Ramadan lasted petitioned for release. On December 6,

2020 counsel attempted to meet with Mr. Ramadan at the federal detention center. Due to a resurgence in the spread of the virus, Mr. Ramadan's unit was on lockdown which prevented any inmate movement. Counsel was unable to meet with his client. This is likely to continue for the foreseeable future given the number of infected inmates.

   6. To unnecessarily prolong the pre-trial detention of Yousef Ramadan, who has one prior misdemeanor conviction, on charges which presume his release, more than three years after the charges were brought, who has served half or nearly half of any sentence that might be imposed, without a trial date in site is simply wrong. His access to discovery has been curtailed even more due to the lockdown procedures that have been implemented. As previously mentioned conditions within the prison have limited attorney access, communications and trial preparations. Mr. Ramadan has experienced lack of access to religious services, Friday prayers, congregation prayers, and lack of a halal diet for the past three years. Despite repeated requests, his petitions have largely been ignored. Mr. Ramadan also has pending family matters that he cannot address while incarcerated. His late father's estate needs to be wound up and his participation in that process in needed. Due to the lack of a Notary Public within the institution, Mr. Ramadan has been unable to execute Power of Attorneys appointing family members to handle issues involving his children and their health and safety.

Lastly, the BOP has not been successful in protecting inmates from the spread of the virus. Testing procedures and other CDC recommended safety precautions remain woefully inadequate. On or about December 4, 2020, **fifteen inmates** at the Milan Detention Center tested positive for COVID-19. On December 7, 2020 FDC Milan recorded **51** new COVID-19 positive inmates in Mr. Ramadan's unit, 13 in the north unit, six in the FCI, and possibly staff members, have contracted the virus as well. The facility immediately initiated lockdown protocols. No attorney visitations or phone calls are permitted.

7. The aggressive and litigious manner in which Mr. Ramadan's attorneys have represented him, has little to do with the factors that the Court must consider when deciding whether to release him on bond. In fact, they are wholly irrelevant to that determination.

8. Just so the record is perfectly clear, the decision to renew Mr. Ramadan's bond motion was based on defense counsel's recommendation. Any questioning or criticism of that decision should be directed at counsel and not Mr. Ramadan. In addition, the motions filed in this case have all borne the signatures of his attorneys. All of them, including this one. The government shares some responsibility in the need to file many of the motions due to defense counsel's repeated request for discovery and disclosure of evidence in the initial stages of

these proceedings, and the need to travel to depose a witness to name just a few of the reasons.

9. Counsel is obligated to zealously defend Mr. Ramadan and if that requires 100 motions being filed, counsel is required to do so. This kind of advocacy is not meant to delay the proceedings but to ensure that Mr. Ramadan receives the kind of legal representation he is entitled to, and which attempts to equal the skillful prosecution of this case by the experienced attorneys in the United States Attorney's Office.

10. The time has come for Yousef Ramadan to be released on bond. If not now, when? When will Mr. Ramadan cease being a risk of flight or danger to the community in the opinion of the prosecution? I suspect the prosecution's response will be, never. Despite years of incarceration, isolation, depression, anxiety, and loneliness, the prosecution will always view Yousef Ramadan as too dangerous and untrustworthy for release on bond. Mr. Ramadan is the beneficiary of a presumption that he should be released on bond on these particular charges. Yet this presumption has failed to aid him in his many attempts to be released. He is in the lowest criminal history category there is. The charges are not capital offenses, nor do they carry statutory mandatory minimums. Therefore, even if Mr. Ramadan was convicted at trial, this Court could impose a time served sentence, which

would be equivalent to three fourths of the sentence he would have to serve had a top of the guidelines sentence been imposed.

11.     Yousef Ramadan has never been convicted of a violent crime or felony offense in his life. He has one misdemeanor offense for falsely receiving social security benefits for his children. He attended all scheduled hearings. This offense took place nearly ten years ago.

12.     Mr. Ramadan should be released on an unsecured bond and allowed to live with his sister in Ypsilanti, Michigan until this matter is resolved. The federal agents took possession of all of his passports. He has not worked in over three years due to his incarceration, so he is indigent. He is not addicted to drugs or alcohol. He has family in the metro Detroit area. He has an extensive work history and a long history of law abiding conduct. If ever there was someone who undoubtedly qualified for bond, it is Yousef Ramadan.

WHEREFORE, Defendant respectfully requests that this Court enter an Order releasing him on an unsecured bond with standard conditions of release.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**

s/Andrew Densemo
ANDREW DENSEMO (P37583)
Attorney for Defendant
613 Abbott, Suite 500
Detroit, Michigan 48226
Phone: (313) 967-5829
E-mail: andrew_densemo@fd.org

Dated: December 9, 2020

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,        CR. NO. 17-20595

v.

                           HON. VICTORIA A. ROBERTS

YOUSEF RAMADAN,

        Defendant.
_____/

**BRIEF IN SUPPORT OF**
**MOTION FOR RELEASE ON UNSECURED BOND**

## **TABLE OF CONTENTS**

**PAGE**

INDEX OF AUTHORITIES ................................................................................... ii

CONCISE STATEMENT OF THE ISSUE PRESENTED
ARGUMENT I:

    SHOULD DEFENDANT BE RELEASED FROM PRETRIAL
    DETENTION, UNDER HOUSE ARREST SECURED WITH AN
    ELECTRONIC GPS TETHER? ................................................................. iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE
RELIEF SOUGHT .................................................................................................. iv

ARGUMENT ........................................................................................................... 1

    I.    BACKGROUND ........................................................................... 1

    II.    STANDARD OF REVIEW ........................................................... 1

    III.    THE BAIL REFORM ACT ........................................................... 2

    IV.    HISTORY AND CHARACTERISTICS ................................... 2-3

        1.  Release on Conditions ..................................................... 3-5

        2.  Electronic Monitoring and Home Confinement ................. 5

    V.    CONCLUSION .............................................................................. 6

# **INDEX OF AUTHORITIES**

## **Cases**

*United States v. Bell*, 673 F. Supp 1429 (E.D. Mich. 1987)......................................2

*United States v. Hazime*, 762 F.2d 34 (6th Cir. 1985)................................................1

*United States v. Orta*, 760 F.2d 887 (8th Cir. 1985) ...................................................2

*United States v. Salerno*, 107 S.Ct. 2095 (1987) ........................................................2

*United States v. Tortora*, 922 F.2d 880 (1st Cir. 1990).............................................2

## **Statutes**

18 U.S.C. § 3142, & 3145 ................................................................. iv, 1, 2, 3, 5, 6

# **CONCISE STATEMENT OF THE ISSUE PRESENTED**

## **ARGUMENT I**

**SHOULD DEFENDANT BE RELEASED FROM PRETRIAL DETENTION, UNDER HOUSE ARREST SECURED WITH AN ELECTRONIC GPS TETHER?**

Defendant answers:            YES.

The Government answers:      NO.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**
## **FOR THE RELIEF SOUGHT**

The controlling or most appropriate authority for the relief sought in this motion is: 18 U.S.C. § 3142 and 3145.

## ARGUMENT

**MR. RAMADAN SHOULD BE RELEASED FROM PRETRIAL DETENTION, UNDER HOME CONFINEMENT SECURED WITH AN ELECTRONIC GPS TETHER.**

### I.

### BACKGROUND

Defendant re-alleges the factual representation made in his Motion for Bond. This Court has the authority, pursuant to 18 U.S.C. § 3145(b), to review the previous order of detention.

### II.

### STANDARD OF REVIEW

18 U.S.C. § 3145(b) provides that review of the detention order upon motion of the defendant "be determined promptly". On such an appeal, the District Court will conduct a de novo review of the bond issue. United States v. Hazime, 762 F.2d 34 (6th Cir. 1985).

In Hazime, the Sixth Circuit explained:

> This court does not conduct evidentiary hearings and hear witnesses, and we will not disturb the factual findings of the District Court and magistrate in pretrial hearings unless we determine those findings to be clearly erroneous. Our standard in reviewing mixed questions of law and fact and the legal conclusions of District Court, however, remains that of de novo consideration...

Id. at 37.

1

### III.

### THE BAIL REFORM ACT

18 U.S.C. §3142(e) provides that detention is appropriate only where the court finds that no condition or combination of conditions reasonably ensure the appearance of the person as required and the safety of any other person or the community.  This section is based on the understanding "that in our society, liberty is the norm and detention prior to trial, or without trial, is the carefully limited exception."  United States v. Bell, 673 F. Supp. 1429, 1430 (E.D. Mich. 1987), citing United States v. Salerno, 107 S. Ct. 2095 (1987).  Congress envisioned the pretrial detention of only a fraction of accused individuals awaiting trial.  United States v. Orta, 760 F.2d 887, 891 (8th Cir. 1985).  The structure of the statute mandates every form of release be considered before detention may be imposed. Id. at 892.  Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant.  United States v. Tortora, 922 F.2d 880, 887 (1st Cir. 1990).

### IV.

### HISTORY AND CHARACTERISTICS

Mr. Ramadan is a U.S. citizen who has been in custody for over three years on the current charges.  He is married with four children. He has been married for nearly ten years.  His wife and children were all born in the United States.  He has

2

siblings who reside in Ypsilanti, Michigan. In addition, he has other close family members who live in Michigan and California. He has some relatives that reside overseas. Unfortunately, his father passed away in April 2018, while Mr. Ramadan was being detained. He has been employed as a construction worker, carpet cleaner, security guard, Lyft driver, music engineer, and in home improvement.

He does not have a juvenile criminal record. He has one misdemeanor conviction for theft of government funds. Mr. Ramadan, with his father's assistance, repaid Social Security approximately $40,000. This is his only criminal conviction. The offense itself took place approximately ten years ago. It was finally resolved in 2015. He was placed on probation and successfully completed it.

### 1. Release on Conditions

Mr. Ramadan should be granted release on conditions under 18 U.S.C. §3142(a), because there are conditions of release that will ensure that he does not pose a danger to the community and these conditions will sufficiently ensure his appearance at future court proceedings.

> 18 U.S.C. § 3142 provides:
>
> (1) If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person -

3

(A) subject to the condition that the person not commit a Federal, State, or local crime during the period of release; and

(B) subject to the <u>least restrictive</u> further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person -

>   (I) remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court.
>   ...
>   (iv) abide by specified restrictions on personal association, place of abode, or travel;
>   ...
>
>   (vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;
>
>   (vii) comply with a specified curfew;
>
>   (viii) refrain from possessing a firearm, destructive device, or other dangerous weapon;
>
>   (ix) refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance;
>   ...
>
>   (xi) execute a bail bond with solvent sureties in such amount as is reasonably

4

> necessary to assure appearance of the person as required...

18 U.S.C. §3142(c) (emphasis added).

### 2. Electronic Monitoring and Home Confinement

An electronic tether would assure the Court of the Defendant's compliance with home arrest and that he would not pose a risk of flight.

The electronic monitoring program enables a defendant to remain at home while allowing Pretrial Services to accurately monitor his movement. This program stems from the Bail Reform Act's mandate that "if the judicial officer determines that release described in subsection (b) of this section [release on personal recognizance] will not reasonably assure the appearance of the person as required ... such judicial officer shall order the pretrial release of the person - subject to the least restrictive further conditions or combination of conditions that such judicial officer determines will reasonably assure the appearance of the person as required." 18 U.S.C. §3142 (emphasis added). The program basically requires a defendant to wear an electronic tether and be available to call or accept calls from Pretrial Services for the duration of his home confinement. The program also requires a "tethered" defendant to have a local phone number, have a state residence, and not have a cordless phone or answering machine (both of which interfere with the necessary electronic hook-up).

5

We believe that releasing Mr. Ramadan on an unsecured bond with restrictions such as electronic monitoring, a curfew and close pre-trial supervision will reasonably assure his appearance and the safety of the community.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests this Honorable Court grant him release with any conditions that the court believes reasonably necessary to assure his appearance in court or the safety of the community.

WHEREFORE, Defendant respectfully moves this Honorable Court, pursuant to its authority under 18 U.S.C. § 3142 and 3145, to order the temporary release of Defendant from pretrial detention, under house arrest in the home of his sister secured with an electronic GPS tether, during the pendency of the Covid-19 pandemic.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**

s/Andrew Densemo
ANDREW DENSEMO (P37583)
Attorney for Defendant
613 Abbott, Suite 500
Detroit, Michigan 48226
Phone: (313) 967-5829
E-mail: andrew_densemo@fd.org

Dated: December 9, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

          Plaintiff,          CR. NO. 17-20595

v.

                             HON. VICTORIA A. ROBERTS

YOUSEF RAMADAN,

          Defendant.
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    Douglas C. Salzenstein
    Hank Moon
    Assistant U.S. Attorneys
    211 West Fort Street, Suite 2001
    Detroit, MI 48226

                Respectfully submitted,

                **FEDERAL COMMUNITY DEFENDER**

                s/Andrew Densemo
                ANDREW DENSEMO (P37583)
                Attorney for Defendant
                613 Abbott, Suite 500
                Detroit, Michigan 48226
                Phone: (313) 967-5829
                E-mail: andrew_densemo@fd.org

Dated: December 9, 2020