UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CR. NO. 17-20595

v.

                       HON. VICTORIA A. ROBERTS

YOUSEF RAMADAN,

        Defendant.
_____/

**DEFENDANT'S MOTION IN LIMINE
AND INCORPORATED BRIEF
FOR INSPECTION OF GRAND JURY TRANSCRIPTS**

NOW COMES the above-named Defendant, YOUSEF RAMADAN, through his counsel, ANDREW DENSEMO, and hereby respectfully moves this Honorable Court to issue an "Order" permitting him to inspect the minutes of the Grand Jury in the original and superseding indictments, pursuant to Rules 6(e)(3)(E)(i), (ii) and 16(a) of the Federal Rules of Criminal Procedure.

The aforesaid Motion is made upon the grounds that the said inspection of the Grand Jury minutes for the original and superseding indictments is required by said Defendant in the interest of justice. The inspection of the proceedings before the Grand Jury is required and is material to the preparation of the defense for the

1

Defendant; because inspection of the Grand Jury transcripts will allow the defense to determine whether to demand the appearance of government witnesses for direct examination, and, if possible, impeachment of government witnesses-all of which should be determined by the Court prior to trial. A denial of the inspection of the Grand Jury minutes would arbitrarily deprive the Defendant of the right to confront and cross examine witnesses, to a fair trial, and his liberty without due process of law, contrary to the due process and fair trial provisions of the Fifth and Sixth Amendments to the Constitution; and because due and timely inspection of the Grand Jury minutes is necessary in order to prevent the suppression of constitutionally protected material under the First Amendment. See United States v. Levinson, 88 F.R.D. 119, 121 (E.D. Tenn. 1980) (Defendant may have pretrial access to Grand Jury testimony upon demonstration of a particular need); United States v. Short, 671 F.2d 178, 184 (6th Cir. 1982)(same).

In the event that the minutes were not transcribed, Defendant requests the Court to "Order" the Government to state, in writing:

1. Whether any independent, and/or corroborating, evidence was presented to the Grand Jury linking Defendant Ramadan to the crime(s) charged, other than the statements made by him.

2.     Whether any evidence was presented to the Grand Jury that Defendant had prior knowledge of the contents of the storage locker where allegedly incriminating evidence was discovered.

3.     Whether the Grand Jury was instructed with respect to the standards and criteria for judging criminal intent, and, if the answer is in the affirmative, a copy of the instructions or the substance of the said instruction if a copy is not available.

4.     Whether statements or testimony was given by or attributed to Phillip Prather by federal agents who interviewed Mr. Prather.

5.     Whether expert testimony was presented to the grand jury regarding the design and functioning or legal requirements for registration of a WIX Fuel Filter, part #24003.

6.     Whether testimony or photographs were presented to the grand jury describing Mr. Ramadan as Muslim or Palestinian, and/or as being suspected of having ties to terrorism.

7.     Whether testimony was presented to the grand jury which attested to the proper preservation of all firearms related evidence, and an unbroken chain of custody as it relates to the firearms charged in the indictments.

This Motion is based upon 6(e)(3)(E)(i) and (ii) and 16(a) of the Federal Rules of Criminal Procedure, the pertinent provisions of the First, Fifth and Sixth Amendments to the United States Constitution, and all records on file herein.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER
EASTERN DISTRICT OF MICHIGAN**


s/Andrew Densemo
ANDREW DENSEMO (P37583)
Attorney for Defendant
613 Abbott, Suite 500
Detroit, Michigan 48226
Phone: (313) 967-5829
E-mail: andrew_densemo@fd.org

Dated: June 3, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,               CR. NO. 17-20595

v.

                                HON. VICTORIA A. ROBERTS

YOUSEF RAMADAN,

        Defendant.

_____/

**BRIEF IN SUPPORT OF MOTION IN LIMINE**

# **TABLE OF CONTENTS**

**PAGE**

INDEX OF AUTHORITIES ................................................................................ ii

CONCISE STATEMENT OF THE ISSUE PRESENTED

ARGUMENT I……………………………………………………………….iii

SHOULD DEFENDANT BE DEFENDANT BE ALLOWED TO REVIEW GRAND JURY TRANSCRIPTS?...................................................................................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT ...................................................................................... iv

INTRODUCTION ............................................................................................1

ARGUMENT ....................................................................................................1

CONCLUSION .................................................................................................6

# **INDEX OF AUTHORITIES**

## **Cases**

*Dennis v. United States*, 384 U.S. 855, 872 (1966)……………………………….3, 4

*Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 219 (1978)………….1, 2

*Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 398 (1959)………….2

*Weber v. Buchanan*, 543 Fed. Appx. 516, 519 (6th Cir. 2013)…………………..2

*United States v. Abernathy*, 08-20103, 2009 WL 982796,
at 2 (E.D. Mich. Apr. 13, 2009)………………………………………………..2

*United States v. Johnson*, 414 F.2d 22, 29 (6th Cir. 1969)………………….....3

*United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958)……………...3

*United States v. Rodriguez-Torres*, 570 F. Supp. 2d 237, 246 (D.P.R. 2008)…....3

*United States v. Short*, 671 F.2d 178 (6th Cir. 1982) ..........................................1

*United States v. Socony–Vacuum Oil Co.*, 310 U.S. 150, 233–34, (1940)……….2

*United States v. Wortman*, 26 F.R.D. 183, 206 (E.D. Ill. 1960)…………….....3

## **Statutes and Court Rules**

FRCP 6(e) and 16(a).............................................................. iv, 1, 2, 3, 5, 6

## **CONCISE STATEMENT OF THE ISSUE PRESENTED**

### **SHOULD THE GOVERNMENT BE ORDERED TO PROVIDE DEFENDANT WITH A COPY OF THE GRAND JURY TRANSCRIPTS?**

Defendant answers:          YES.

The Government answers:     NO.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT**

The controlling or most appropriate authority for the relief sought in this motion is: FRCP 6(e)(3)(i),(ii) and 16(a) and *United States v. Short*, 671 F.2d 178 (6th Cir. 1982).

## I.  INTRODUCTION

The Supreme Court has recognized many justifications for the secrecy of grand jury proceedings:

First, if pre-indictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony.  Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements.  There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.  *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 219 (1978).

## II. ARGUMENT

Whether *Defendant's Motion and Incorporated Brief for Disclosure of Grand Transcripts* has shown a particularized need for the relief requested.

1

## Jury Minutes

Disclosure of grand jury minutes falls under the district court's discretion. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 398 (1959). To obtain disclosure, the burden is on the defense to show that a "particularized need" outweighs the need for secrecy. *Id.* at 400. Both the discretion of the trial judge and the requirement of a "particularized need" govern pre-trial motions for grand jury transcripts. *See Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211 (1978). A "generalized desire" for transcripts "in the hope that evidence beneficial to the defendant will be discovered does not satisfy the particularized need requirement." *United States v. Abernathy*, 08-20103, 2009 WL 982796, at *2 (E.D. Mich. Apr. 13, 2009).

The Supreme Court has previously said that "[g]rand jury testimony is ordinarily confidential ... [b]ut after the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it." *Weber v. Buchanan*, 543 Fed. Appx. 516, 519 (6th Cir. 2013) (*quoting United States v. Socony–Vacuum Oil Co.*, 310 U.S. 150, 233–34, (1940). The Supreme Court has held that disclosure of grand jury minutes is appropriate for certain circumstances such as impeachment of a witness, to refresh a witness's memory, or to test a witness's credibility. *United*

2

*States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958). When disclosure is acceptable, it must be done "discretely and limitedly." *Id*. However, even the request for minutes for a specific purpose has to be quite specific. *See United States v. Rodriguez-Torres*, 570 F. Supp. 2d 237, 246 (D.P.R. 2008) ("[D]efendants' speculation that said disclosure could provide Defendants with possible impeachment evidence does not demonstrate to this Court that the need for disclosure is greater than the need for continued secrecy.")

Courts have denied motions requesting grand jury proceedings for purposes of preparing a defense. *See United States v. Johnson*, 414 F.2d 22, 29 (6th Cir. 1969) (the suggestion that grand jury proceedings should be available to defendants to prepare for trial is a "far cry from the particularized need test in *United States v. Procter & Gamble Co.*"); *United States v. Wortman*, 26 F.R.D. 183, 206 (E.D. Ill. 1960) (mere assertion that grand jury proceedings are needed to prepare a defense is not enough to remove the secrecy of grand jury proceedings).

In *Dennis v. United States*, 384 U.S. 855, 872 (1966) the court held the disclosure of grand jury testimony was permissible because the defendants had shown a particularized need. The particularized need included the following:

3

    1. The amount of time between the relevant events, the grand jury proceedings, and trial;

    2. Four of eight witnesses' testimony could not be corroborated;

    3. A witness admitted on cross-examination he was mistaken about specific dates in previous statements.

*Id*. at 872-73. The Court ordered a new trial because the petitioners were entitled to review the grand jury minutes relating to four of eight government witnesses while they were available for cross-examination. *Id*. at 875.

Although *Dennis* does not fit the facts here exactly, it does provide guidance. There has been a significant amount of time that has passed since the initiation of this prosecution and trial, over four years. While participating in an evidence review, agents presented a firearm to defense counsel that was not one of the firearms, charged in the indictment. The agents supposedly returned to the evidence room and obtained the correct firearm. The grand jury transcript will reveal what evidence tag numbers were assigned to the indicted firearm and whether those evidence tag numbers are consistent with the evidence that will be presented at trial. Additionally, our review of discovery has produced at least one document which raises some concern about evidence related to the charged firearms being unintentionally

4

destroyed at some point (Exhibit A-FBI Laboratory Communication Log). The grand jury transcripts will provide proof of the government's awareness, or unawareness, of evidence destruction and whether the agents testified to an unbroken chain of custody and preservation of the evidence.

The government has indicated that it intends to move for the admission of the deposition testimony of Phillip Prather in lieu of his appearance in court. The defense needs a copy of the grand jury transcript in order to determine if any witness testified that Mr. Prather told them his stolen firearm was a Derringer, as opposed to a .22 caliber handgun, and whether Mr. Prather made statements which were inconsistent with his deposition testimony. The grand jury transcripts will provide information important to the defense regarding statements attributed to Mr. Prather by the investigating agents. The grand jury transcripts are necessary to impeach the deposition testimony of Philip Prather, who will be unavailable at trial. The grand jury transcripts were not available to defense counsel at the deposition which prevented extensive questioning of Mr. Prather regarding inconsistencies in his testimony. In addition, the grand jury transcript will reveal whether evidence of conduct unrelated to the charged offenses, such as testimony regarding possible ties to or affinity with terrorist groups, was elicited during the hearings. Finally, the

5

grand jury transcripts will reveal whether the agents testified that Mr. Ramadan admitted that he knew of, possessed or controlled the firearms alleged in the indictment.

## I. CONCLUSION

WHEREFORE, we respectfully request that this Honorable Court enter an order that the government, immediately, but no less than 30 days before trial, provide the defense with a copy of the grand jury transcripts from the proceedings related to the return of the original and superseding indictments.

                                      Respectfully submitted,

                                      **FEDERAL COMMUNITY DEFENDER**
                                      **EASTERN DISTRICT OF MICHIGAN**

                                      s/Andrew Densemo
                                      ANDREW DENSEMO (P37583)
                                      Attorney for Defendant
                                      613 Abbott, Suite 500
                                      Detroit, Michigan 48226
                                      Phone: (313) 967-5829
                                      E-mail: andrew_densemo@fd.org

Dated: June 3, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CR. NO. 17-20595

v.

                            HON. VICTORIA A. ROBERTS

YOUSEF RAMADAN,

        Defendant.
_____/

## **CERTIFICATE OF SERVICE**

     I hereby certify that on June 3, 2021, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

           **Hank Moon and Douglas Salzenstein**
           211 W. Fort Street
           Ste. 2001
           Detroit, MI 48226

           **FEDERAL COMMUNITY DEFENDER**
           **EASTERN DISTRICT OF MICHIGAN**

           s/Andrew Densemo
           ANDREW DENSEMO (P37583)
           Attorney for Defendant
           613 Abbott, 5th Floor
           Detroit, Michigan 48226
           Phone: (313) 967-5829
           E-mail: andrew_densemo@fd.org

7