UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                Case No. 17-20595

v.                                  HON. VICTORIA A. ROBERTS

YOUSEF MOHAMMAD RAMADAN,

        Defendant.
_____/

## ORDER DENYING RAMADAN'S OBJECTIONS TO CERTIFICATES OF AUTHENTICATION FOR U.S. BANK AND CABELA'S [ECF No. 245]

### I.    INTRODUCTION & BACKGROUND

The United States charged Yousef Ramadan ("Ramadan") with possession of two firearms with obliterated serial numbers, possession of a stolen firearm, and possession of an unregistered silencer. Airport security agents discovered these items while scanning Ramadan's checked baggage. The baggage examination also revealed that his family's luggage contained export-controlled body armor; other paramilitary gear; and numerous electronic devices depicting, among other things, over 1500 pictures and videos of ISIS propaganda, pictures and videos of a suspected

1

homemade pipe bomb, and pictures of Ramadan posing with weapons while making the ISIS hand gesture.

The Court ordered the government to make all records available to Ramadan and the Court, that it believes meet the requirements of Fed. R. Evid. 803(6)(A)-(C), along with proposed certifications that the government intends to introduce at trial in lieu of witnesses. The Court ordered Ramadan to file substantive objections to any document or certificate of authentication that he challenged.

The government submitted five business records that it intends to admit at trial under Fed. R. Evid. 901 rather than through live testimony. Ramadan filed objections to two of the records and certificates of authentication — Cabela's and U.S. Bank. [ECF No. 245].

His written objections stated that the records do not comply with Fed. R. Evid. 803(6)(A)-(C) — in that they were not made at or near the time the information was transmitted by someone with knowledge, not kept in the regular course of business, and the making of the records was not the regular practice of Cabela's or U.S. Bank. Ramadan also presented Fed. R. Evid. 902(11)-(14) objections to both sets of records. Finally, he also raises a *Crawford* objection to the Cabela's records.

On July 6, 2021, the Court held a hearing on Ramadan's objections. Douglas Salzenstein and Hank Moon appeared on behalf of the government; Andrew Densemo appeared for Ramadan. The government withdrew pages 4–13 of the Cabela's records. The Cabela's record contains proofs of Ramadan's holster, firearm, and ammunition purchases at Cabela's.

At the hearing, Mr. Densemo substantially narrowed his objections. As a result, the Court only takes up the Fed. R. Evid. 902 (13) and (14) objections to both records and the *Crawford* objection to the U.S. Bank records. The government filed a written response to Ramadan's objections after the hearing. [ECF No. 246].

## II.    DISCUSSION

### A. Admissibility Under Rule 902

Ramadan concedes that the challenged records are business records under Fed. R. Evid. 803(6) and that the records meet the certification requirements of Fed. R. Evid. 902(11). The Court will not address the Fed. R. Evid. 902(12) objections; Ramadan acknowledges that Fed. R. Evid. 902(12) does not apply since it pertains only to foreign records; neither Cabela's nor the U.S. Bank record is a foreign one.

Ramadan maintains his Fed. R. Evid. 902(13) and (14) objections. But, the government points out Fed. R. Evid. 902(13) and (14) have no application. In 2017, Fed. R. Evid. 902(13) and (14) were added to make it easier to authenticate data from electronic sources. Rules 902(13) and (14) dispense with the requirement to provide extrinsic evidence of authenticity for certified records generated by an electronic process system or certified data copied from an electronic device or files, unless the parties dispute the authenticity of certain documents. *See* Fed. R. Evid. 902(13)-(14). The types of evidence that falls under these rules include, for example, GPS data, cell phone photos, and text messages under Fed. R. Evid. 902(13) and data copied from electronic devices, like a computer hard-drive or a phone, under Fed. R. Evid. 902(14).

Neither the Cabela's nor the U.S. Bank record is a record contemplated by Fed. R. Evid. 902(13) or (14).  The challenged documents meet the requirements of Fed. R. Evid. 803(6)(A)-(C) and their certificates of authentication meet the requirements of Fed. R. Evid. 902(11). The records and their certificates will be admitted at trial in lieu of live testimony.

## B. *Crawford* Objection

Ramadan asserts a *Crawford* objection to the U.S. Bank records. In *Crawford*, the Supreme Court held that testimonial statements by declarants not present at trial may not be admitted unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, at 68 (2004).

These records concern Phillip Prather's bank account and include a check to Star Carpet Cleaning. Ramadan worked for Star and cleaned Prather's carpet on September 21, 2015. The government says the U.S. Bank records link Ramadan to Prather because Prather wrote the pertinent check for Ramadan's services on September 21st. The government alleges Ramadan stole Prather's firearm while inside the Prather apartment.

Ramadan concedes the U.S. Bank records are business records. Importantly, the Supreme Court said in *Crawford* that business records by their nature are examples of nontestimonial evidence. *Id.* at 56. The Supreme Court later clarified that business and public records are generally admissible unless there is a confrontation issue, not because they qualify under an exemption to the hearsay rules, but because having been created for the administration of an entity's affairs and not for the purpose of

establishing or proving a fact at trial, they are not generally testimonial. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, at 324 (2009); *see also Davis v. Washington*, 547 U.S. 813, at 825 (2006).

Mr. Densemo explained that he does not have a *Crawford* objection to the U.S. Bank records themselves; he objects to the way the government intends to use the records. He argues that Prather's testimony regarding his U.S. Bank account was made for the purposes of prosecution and that the introduction of the records will create a "hybrid-*Crawford*" problem. He did not explain what a "hybrid-*Crawford*" problem is or offer any law that discusses it, but he said he believes the government will "bootstrap" the U.S. Bank records onto Prather's testimony.

Prather testified under oath on April 8, 2019. His testimony was preserved for trial because of his poor health and age (now 93).

The Court asked Mr. Densemo whether the check came in through Prather's testimony. He said it did not. Post-hearing, the government provided documentation that Prather authenticated his own check during his videotaped deposition and that Mr. Densemo had an opportunity to cross-examine Prather regarding it.

Because the government will introduce the check through Prather, Ramadan's objection is moot.

However, the Court also finds that the U.S. Bank records are not testimonial; they were generated for the administration of the bank's affairs and not created for the purpose of proving a fact at Ramadan' trial.

## III.    CONCLUSION

The Court **DENIES** Ramadan's objections to the Cabela's and U.S. Bank certificates of authentication.

**ORDERED.**

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Date: July 13, 2021