UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Cr. No. 17-20595

v.                                        Honorable Victoria A. Roberts

YOUSEF RAMADAN,

        Defendant.
_____/

## MOTION FOR EVIDENTIARY HEARING AND NEW TRIAL

Yousef Ramadan, through his attorneys, respectfully moves for an evidentiary hearing and new trial under *Mattox v. United States*, 146 U.S. 140; 13 S. Ct. 50; 36 L.Ed 917 (1892), *Tanner v. United States*, 483 U.S. 107; 107 S. Ct. 2739, 97 L.Ed.2d 90 (1987), FRE 606 and FRCP 33, in light of newly discovered information that at least one juror may have relied upon extrinsic information and/or improper factors in reaching a decision in this case. He further states as follows:

1.      The jury returned a guilty verdict on September 20, 2021, around 3:00 P.M.

2.      A few weeks after the trial Attorney Nancy McGunn of the Federal Community Defender Office advised Andrew Densemo of a conversation she had with a friend of hers, Ann Zvibleman, who had conversation with a female friend of

1

hers who had recently completed jury duty. Ms. Zvibleman described to Ms. McGunn the conversation she had with her friend the juror. Ms. McGunn was aware that Andrew Densemo and Amanda Bashi had recently completed Mr. Ramadan's trial. Based upon what she was told by Ms. Zvibleman, she believed that the conversation involved one of the jurors in the Ramadan trial. Undersigned counsel asked Ms. McGunn to provide an email which described the conversation she had with her friend. (See Attached) Ms. McGunn's email states that Ms. Zvibleman told her the juror claimed that it (1) sounded like a lot of evidence wasn't admitted; (2) My friend (the juror) swears the judge said there was more they wanted (to charge?) but there wasn't evidence. The juror wasn't 100% sure. Ms. Zvibleman also told Ms. McGunn that the juror was definitely doubting her memory now (she likes Judge Roberts), but Ms. Zvibleman remembered the juror sharing this same detail immediately after the trial. Ms. Zvibleman lives and Pleasant Ridge. According to defense counsel's notes Juror number 4, Susan Bailey was the only female juror who lived in Pleasant Ridge.

    3.    Based upon conversations with Ms. McGunn and the email she provided, defense counsel believes that there is a sufficient basis to warrant a new trial or at the very least, further inquiry into any extrinsic influences and/or improper factors impacting the jury's verdict. Mr. Ramadan thus asks for an evidentiary hearing on the issue of extrinsic influences/improper factors during deliberations.

4.     Government does not concur in the requested relief.

                Respectfully submitted,

                **FEDERAL COMMUNITY DEFENDER**
                **EASTERN DISTRICT OF MICHIGAN**

                s/Andrew Densemo
                ANDREW DENSEMO (P37583)
                AMANDA N. BASHI
                Attorneys for Defendant
                613 Abbott Street, Suite 500
                Detroit, Michigan 48226
                (313) 967-5829
                E-mail: andrew_densemo@fd.org

Dated: December 6, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Cr. No. 17-20595

v.                                      Honorable Victoria A. Roberts

YOUSEF RAMADAN,

        Defendant.
_____/

**BRIEF IN SUPPORT OF DEFENDANT'S**
**MOTION FOR EVIDENTIARY HEARING AND NEW TRIAL**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

Background .............................................................................................................. 1

      Standard of Review ........................................................................................ 1

Argument .................................................................................................................. 2

    1. This Court may set aside the "no-impeachment rule" when the evidence suggests extrinsic influences/improper factors were considered in jury deliberations. ................................................................................................. 2

    2. Attorney McGunn's email in this case warrants further inquiry .................. 4

Conclusion ................................................................................................................ 5

CERTIFICATE OF SERVICE ................................................................................. 1

i

# **TABLE OF AUTHORITIES**

**Cases**

*Hughes v. Borg*, 898 F.2d 695 (9th Cir. 1990) ..................................................... 3, 4

*Mattox v. United States*, 146 U.S. 140 S.Ct. 50, 36 L.Ed. 917 (1892) ..................... 2

*McDonald v. Pless*, 238 U.S. 264 S. Ct. 783, 59 L/Ed. 1300 (1915) ........................ 3

*People v. Budzyn*, 456 Mich. 77 (1997) ................................................................ 3, 4

*Tanner v. United States*, 483 U.S. 107 S. Ct. 2739 .............................................. 2, 3

*United States v. Blackwell*, 459 F.3d 739 (6th Cir. 2006) ......................................... 2

*United States v. Corrado*, 227 F.3d 528 (6th Cir. 2000) .......................................... 5

*United States v. Frost*, 125 F.3d 346 (6th Cir. 1997) ............................................... 5

*United States v. Rigsby*, 45 F.3d 120 (6th Cir. 1995) ........................................... 4, 5

*United States v. Turns*, 198 F.3d 584 (6th Cir. 2000) .............................................. 2

Wigmore, Evidence Sec. 2352, pp. 696-97) ............................................................ 2

## Background

On September 9, 2021, a jury trial began on charges that Yousef Ramadan, possessed stolen firearms with obliterated serial numbers and a silencer on August 23, 2017. The jury was sworn in on September 9, 2021.

The jury heard testimony from several witnesses. Most of the witnesses were federal agents or employed by federal law enforcement agencies. There were two civilian witnesses. Well over fifty exhibits were admitted by the government.

On September 20, 2021, the jury began deliberations around Noon. Around 3:00 P.M., the jury returned guilty verdicts on all of the charges. On November 16, 2021, defense counsel Andrew Densemo was approached by his colleague, Attorney Nancy McGunn who advised him of a conversation she had with her friend, Ann Zvibleman approximately two weeks earlier. The substance of that conversation has previously been described in defendant's motion and Exhibit 1. The defense believes that the conversation between Ann Zvibleman and Juror number 4, Kathy Bailey, suggest that extrinsic influences may have impacted the jury deliberations and their verdicts.

**Standard of Review**

To prevail on a motion for new trial based on newly discovered evidence, a defendant must establish: (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence

1

is material and not merely cumulative or impeaching; and (4) the evidence would likely produce and acquittal. *United States v. Blackwell*, 459 F.3d 739, 768 (6th Cir. 2006); *United States v. Turns*, 198 F.3d 584, 587 (6th Cir. 2000). However, this standard is not entirely applicable where the new evidence alleges juror misconduct because a juror's misconduct is not relevant evidence of whether a defendant should be acquitted. *Blackwell*, 459 F.3d at 769.  In the interest of justice, we ask that the court construe defendant's motion as one for new trial based on new evidence. *See id.* The new evidence in this case was discovered after trial and it could not have been discovered earlier with due diligence because counsel is prohibited from interviewing jurors. The evidence is material because it insinuates improper factors were considered by at least one juror, and possibly others.

## Argument

1. **This Court may set aside the "no-impeachment rule" when the evidence suggests extrinsic influences/improper factors were considered in jury deliberations.**

For at least a century, "the near-universal and firmly established common-law rule in the United States flatly prohibited the admission of juror testimony to impeach a jury verdict. *Tanner v. United States*, 483 U.S. 107, 117, 107 S. Ct. 2739, 97 L.Ed.2d 90 (1987) (citing 8 J. Wigmore, Evidence Sec. 2352, pp. 696-97).  An exception to this rule exists "only in situations in which an 'extraneous influence,' *Mattox v. United States*, 146 U.S. 140, 149, 13 S.Ct. 50,  36 L.Ed. 917 (1892), was

2

alleged to have affected the jury." Id. Aside from this exception for external influences, juror testimony is inadmissible to impeach a verdict. *Tanner*, 483 U.S. at 117 (citing *McDonald v. Pless*, 238 U.S. 264, 35 S. Ct. 783, 59 L/Ed. 1300 (1915) Under Federal Rule of Evidence 606(b), a district court may not consider a juror's statements about jury deliberations unless those statements reveal evidence of a mistake in the jury form, or outside influences on the jury. Extrinsic influence or information in jury deliberations undermines a defendant's right to a fair and impartial jury, the right to counsel, the right to confrontation, and the right to the effective assistance of counsel. *People v. Budzyn*, 456 Mich. 77, 88 (1997) (citing *Hughes v. Borg*, 898 F.2d 695, 700 (9th Cir. 1990)). Courts must grant a new trial if the jury considered extrinsic evidence that was not harmless beyond a reasonable doubt. *Budzyn*, 456 Mich. at 89; *see also Hughes*, 898 F.2d at 700 ("[W]hen it appears that the jury has obtained or used extraneous material, the defendant is entitled to a new trial if there is a reasonable possibility that the extraneous material *could* have affected the verdict." (cleaned up)).

When there is a credible claim that there was an extraneous influence on the jury's deliberations and decision, the initial burden is with the defendant to prove (1) that the jury was exposed to the extraneous influence; and (2) that the influence "created a real and substantial possibility that [it] could have affected the jury's verdict. *Id.* at 88–89. Evidence that "relate[s] to a material aspect of the case" or

3

when there is "a direct connection between the extrinsic material and the adverse verdict" creates a real and substantial risk of prejudice. *Id.* at 89.

Once the defendant satisfies that initial burden, the burden shifts to the prosecution "to demonstrate that the error was harmless beyond a reasonable doubt." *Budzyn*, 456 Mich. at 89. The prosecution may prove harmlessness beyond a reasonable doubt one of two ways: (1) that the extrinsic "influence was duplicative of evidence produced at trial," or (2) that "the evidence of guilt was overwhelming." *Id.* at 89–90 (citing *Hughes*, 898 F.2d at 700); *see also id.* at 101 ("There is no dispute that the extrinsic evidence was not duplicative of other properly admitted evidence for either defendant. Hence, we must determine whether the evidence against the defendants was overwhelming.").

## 2. Attorney McGunn's email in this case warrants further inquiry

The juror here indicated that it sounded like a lot of evidence wasn't admitted during the trial. The juror apparently believed that the trial judge told the jury that there were more criminal charges they wanted to bring against Mr. Ramadan but there wasn't evidence. An evidentiary hearing is necessary. When faced with a claim like Mr. Ramadan's a district court "must exercise judicial discretion to determine what steps, if any, are required to make certain that a jury has not been tainted." *United States v. Rigsby*, 45 F.3d 120, 124-25(6th Cir. 1995). A hearing is required only when there is a "credible allegation" of extraneous influence or information.

4

*United States v. Corrado*, 227 F.3d 528, 535 (6th Cir. 2000): *Rigsby,* 45 F.3d at 124-25.  Furthermore, the external contact must have "had an obvious potential for improperly influencing the jury.*"* *United States v. Frost*, 125 F.3d 346, 377 (6th Cir. 1997) (citing *Rigsby*, 45 F.3d at 124).

## Conclusion

Mr. Ramadan requests an evidentiary hearing and a new trial.

                                      Respectfully submitted,

                                      **FEDERAL COMMUNITY DEFENDER**
                                      **EASTERN DISTRICT OF MICHIGAN**

                                      s/Andrew Densemo
                                      ANDREW DENSEMO (P37583)
                                      AMANDA N. BASHI
                                      Attorneys for Defendant
                                      613 Abbott Street, Suite 500
                                      Detroit, Michigan 48226
                                      (313) 967-5829
                                      E-mail:  andrew_densemo@fd.org

Dated: December 6, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Cr. No. 17-20595

v.                                            Honorable Victoria A. Roberts

YOUSEF RAMADAN,

        Defendant.
_____/

**CERTIFICATE OF SERVICE**

      I certify that on December 6, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to opposing counsel of record.

                                                          s/*Andrew Densemo*
                                                          Attorney for Defendant

Dated: December 6, 2021