UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YOUSEF RAMADAN,

    Defendant.
_____/

Case No. 17-CR-20595
Honorable Victoria A. Roberts

## ORDER DENYING DEFENDANT'S MOTION FOR EVIDENTIARY HEARING AND NEW TRIAL [ECF No. 273]

### I. Introduction

Before the Court is Ramadan's motion for an evidentiary hearing and a new trial pursuant to Fed. R. Crim. P. 33 and Fed. R. Evid. 606. He alleges that newly discovered information suggests that one unnamed juror may have relied on extrinsic information or improper factors in reaching a verdict in his criminal case.

The Court denies Ramadan's motion because (1) the information he relies on is not new evidence relevant to any of the elements of the crimes Ramadan was convicted for, and (2) no extraneous prejudicial information likely to affect the verdict was presented to the jurors during or before

1

deliberations. Nor were there improper outside influences that warrant a new trial or evidentiary hearing.

## II. Background

On September 20, 2021, the jury returned a verdict finding Ramadan guilty on three counts of unlawful possession of: (1) a firearm with an obliterated serial number, (2) a stolen firearm, and (3) an unregistered silencer. The jury deliberated for less than an hour before reaching its verdict. Each member was polled individually and confirmed the guilty verdict.

On November 17, 2021, Federal Community Defender trial attorney Nancy McGunn sent a memo to her colleague, Ramadan's trial counsel, Andrew Densemo. The memo advised Densemo that McGunn had a conversation with her friend Ann Zvibleman. Zvibleman allegedly told McGunn that Zvibleman's friend, a juror in Ramadan's trial, told her that: (1) "it sounded like [there was] a lot of evidence [that was] not admitted; and (2) "the judge said there was more [the government] wanted to charge but there wasn't evidence." McGunn also reported that Zvibleman told her that the juror was not "100% sure" and that she was "definitely doubting her memory now (she likes Judge Roberts)." Zvibleman also allegedly remembers the juror shared this same detail immediately after the trial. [ECF No. 273-2, PageID.4111].

2

### III. Applicable Law and Analysis

**(a) Fed. R. Crim. P. 33**

Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. Fed. R. Crim. P. 33 (a). Fed. R. Crim. P. 33 (b)(1). To prevail on a motion for a new trial based on newly discovered evidence, a defendant must establish that (1) new evidence was discovered after the trial; and (2) the new evidence is material and likely to produce an acquittal. *United States v. Blackwell*, 459 F.3d 739 (6th Cir. 2006).

McGunn's memo provides statements allegedly made by a juror to Zvibleman, who then made those statements to McGunn. This is double hearsay.

There are two statements at issue: (1) an unnamed juror's post-trial observation that "there was a lot of evidence not admitted" and (2) that juror's belief that the judge may or may not have said that there were more crimes the government wanted to charge Ramadan with but there was not enough evidence.

The first statement is not "new evidence" that bears on guilt or innocence. Regardless of what it is, it is not material and not likely to produce an acquittal. It is simply an observation made by an attentive juror who

3

understood that evidentiary rulings made during trial precluded certain evidence from being admitted. It is not relevant to any of the elements of the crimes Ramadan was convicted for. It is a mere observation or subjective belief about unadmitted evidence.

The second statement does not relate to any of the elements of the crimes Ramadan was convicted of either. A juror's belief that the judge may or may not have said that there were more crimes the government wanted to charge Ramadan with has nothing to do with whether he possessed a firearm with an obliterated serial number, a stolen firearm, or an unregistered silencer. The second statement is not new evidence likely to produce an acquittal.

Furthermore, the additional element that must be satisfied under a Fed. R. Crim. P. 33 motion for a new trial is that the evidence is material and likely to produce an acquittal. Even if these statements were material, the evidence of Ramadan's guilt was overwhelming. Fed. R. Crim. P. 33 is not satisfied.

### (b) Fed. R. Evid. 606

Ramadan moves for an evidentiary hearing. He asks the Court to inquire into whether the unnamed juror relied on extrinsic information or improper factors in reaching a decision in the case. [ECF No. 273, PageID.4097]. He suggests that either or both statements mentioned above

4

could have improperly influenced the unnamed juror's verdict. He says that the juror believed the judge made statements about evidence not admitted and charges not brought against Ramadan.

Ramadan seeks to inquire into the effect of the statements on the juror's vote and the juror's mental processes concerning the verdict. This is clearly improper under Fed. R. Evid. 606(b).

During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations, the effect of anything on that juror's or another juror's vote, or any juror's mental processes concerning the verdict or indictment. Fed. R. Evid. 606 (b)(1).

There are three exceptions to this rule. A juror may testify about: (1) extraneous prejudicial information that was improperly brought to the jury's attention; (2) an outside influence that was improperly brought to bear on any juror; or (3) a mistake was made in entering the verdict on the verdict form. Fed. R. Evid. 606 (b)(1)-(2). Ramadan claims to satisfy the extraneous prejudicial information and the outside influence exceptions. He does not.

The first statement was simply an observation made by a juror who was paying attention to the evidentiary rulings, not extraneous prejudicial information, or an outside influence.

Regarding the second statement, the juror does not know whether she heard the judge make the statement or not. Ramadan attempts to argue that, even if the juror's recollection is erroneous, the juror's belief that the government wanted to charge Ramadan with more crimes prevented her and potentially other jurors from rendering an impartial decision. [ECF No. 291, PageID.4331]. This argument fails. Ramadan has the burden to show there was an extraneous influence and that it created a real and substantial possibility that it could have affected the verdict. He does not show that the statement was made or that the juror's belief was influenced by extraneous prejudicial information or improper outside information.

**(c) Conclusion**

Since neither of the statements at issue is "new evidence" likely to produce an acquittal, Ramadan is not entitled to a new trial.

He is not entitled to an evidentiary hearing because Ramadan seeks to inquire into the effect of the statements on the juror's vote and mental processes concerning the verdict. This is prohibited under the Federal Rules of Evidence and none of the exceptions under Fed. R. Evid. 606 (b) are met.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  January 20, 2022