UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,
v.

YOUSEF RAMADAN,

    Defendant.
_____/

Case No. 17-20595
Honorable Victoria A. Roberts

### ORDER DENYING DEFENDANT'S PETITION FOR EARLY TERMINATION OF SUPERVISED RELEASE [ECF NO. 319]

## I. Introduction

In September 2021, a jury convicted Yousef Ramadan of possession of: (1) a stolen firearm; (2) a firearm with an obliterated serial number; and (3) an unregistered firearm. On February 28, 2022, the Court sentenced him to time served and two years of supervised release.

Pursuant to 18 U.S.C. 3583 (e)(1), Ramadan requests that the Court terminate the balance of his supervised release. Ramadan says he has complied with all the conditions of his supervision and his behavior warrants early termination. The Government opposes the petition.

While Ramadan has done well under supervision, his time has not been without issues. Probation does not recommend his early termination. The Court agrees. The petition is **DENIED**.

## II. Discussion

A sentencing court may terminate a term of supervised release if "after considering the factors set forth in 3553(a)...it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice...." 18 U.S.C. § 3583(e)(1). The movant bears the burden to "make a compelling case as to why the ...§ 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).

Ramadan hardly discusses the § 3553(a) factors. Instead, he focuses on his good behavior while on supervision. Because Ramadan fails to carry his burden to demonstrate that the § 3553(a) analysis would be different if conducted today, the Court assumes the analysis remains as it did at sentencing. That analysis supports his continued supervision. The Court now discusses the relevance of Ramadan's behavior.

"Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior*." United States v.*

2

*Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (unpublished) (*citing United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). But, as courts in this circuit have held, full compliance with the terms of supervised release is not exceptional. *See United States v. Laughton*, No. 1:02-CR-20016, 2023 WL 2344235, at *2 (E.D. Mich. Feb. 28, 2023)(*citing United States v. Givens*, No. CR 5:14-074-DCR, 2022 WL 2820081, at *1 (E.D. Ky. July 19, 2022)). Simple compliance is "expected of a person under the magnifying glass of supervised release" and does not warrant early termination. *Id*.

Ramadan says he has been employed, reporting as directed, and follows the conditions of release. Probation confirms that Ramadan completed counseling, maintains sobriety and employment, paid his court fees, and has no new arrests or convictions. The Court commends Ramadan for his good behavior. However, as probation notes, his time on supervision has not been perfect.

For example, Ramadan purchased a Glock .177 caliber BB/Pellet handgun from Amazon, a dangerous weapon which Ramadan is prohibited from possessing while on supervision. There was also a complaint filed against Ramadan, accusing him of stealing a wallet from his roommate's relative.

3

Most noteworthy was his negative interactions with a prior employer. On April 14, 2022, Ramadan's probation officer learned that he quit his job. He did not tell probation. The officer spoke with Ramadan's former manager and learned that Ramadan was often irritable and had regular conflicts with coworkers. The manager claimed Ramadan often accused his coworkers of stealing from him. Ramadan also refused to return company property in a dispute over wages after he quit the job.

These incidents give the probation officer supervising Ramadan sufficient pause such that he cannot recommend early termination of supervised release. The Court trusts that judgment.

Even if these incidents had not occurred, Ramadan presents no evidence demonstrating "exceptional" behavior. Nor does he argue that the conditions of his supervised release hinder him in any significant way. Ramadan only highlights his compliance with the terms of supervised release. His full compliance is what is expected.

### III. Conclusion

The Court **DENIES** Ramadan's petition for early termination of supervised release.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  8/24/2023