**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

<table>
<tr><td>Deborah S. Hunt<br>Clerk</td><td>100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988</td><td>Tel. (513) 564-7000<br>www.ca6.uscourts.gov</td></tr>
</table>

Filed: October 12, 2023

Mr. Gary W. Crim
Law Office
943 Manhattan Avenue
Dayton, OH 45406

Mr. Henry Edward Moon III
Mr. William J. Vailliencourt Jr.
Office of the U.S. Attorney
211 W. Fort Street
Suite 2001
Detroit, MI 48226

Re:  Case No. 22-1243, *USA v. Yousef Ramadan*
Originating Case No. : 2:17-cr-20595-1

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Ms. Kinikia D. Essix

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0439n.06

Case No. 22-1243

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>YOUSEF MOHAMMAD RAMADAN,<br><br>    Defendant-Appellant.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td><br><br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN<br><br>O P I N I O N</td></tr>
</table>

**FILED**
Oct 12, 2023
DEBORAH S. HUNT, Clerk

Before: SUTTON, Chief Judge; COLE and THAPAR, Circuit Judges.

COLE, Circuit Judge. A jury found Yousef Ramadan guilty of possession of a firearm with an obliterated serial number, possession of a stolen firearm, and possession of an unregistered silencer. Ramadan argues that the three statutes he was convicted under are unconstitutional. He also argues the district court erred by finding that a deponent was an unavailable witness and allowing the government to present videotaped testimony at trial. For the following reasons, we affirm Ramadan's convictions.

I.

During the execution of a search warrant on August 23, 2017, FBI agents found firearms belonging to Ramadan in a storage unit in Ann Arbor, Michigan. Relevant here, the agents recovered a stolen Jennings .22 caliber pistol, a Ruger .22 caliber pistol, and an unregistered homemade silencer. The serial numbers on both pistols were obliterated. A grand jury later indicted Ramadan on three counts: possession of a firearm with an obliterated serial number under

Case No. 22-1243, *United States v. Ramadan*

18 U.S.C. § 922(k), possession of a stolen firearm under 18 U.S.C. § 922(j), and possession of an unregistered silencer under 26 U.S.C. § 5861(d).

The agents determined that the original owner of the stolen Jennings pistol was Phillip Prather, a California resident who was over 90 years old when the FBI recovered the gun. To preserve Prather's testimony for trial, the parties agreed to depose him in San Diego, California. (Stipulation, R. 130, PageID 2347–48.) The parties' listed reason for deposing Prather was that he was "93 years old, and his limited ability to travel qualif[ied] as exceptional circumstances under Rule 15(a)(1)." (*Id.* at PageID 2347.)

When deposed in April 2019, Prather's testimony ultimately connected Ramadan to the theft of the Jennings pistol. The government possessed video evidence "taken from Ramadan's perspective on September 21, 2015, at or near Prather's residence, that include[d] Ramadan's hand removing the Jennings handgun from the back of a Star Carpet van." (Mot. to Admit Test., R. 145, PageID 2457.) And when asked about the handgun, Prather testified that it was stolen and that he noticed it was missing after his home was cleaned by Star Carpet in September 2015. Ramadan worked for Star Carpet at that time.

Prather also testified to his various health issues and inability to travel: he was unable to walk long distances without resting frequently, could not travel by plane or sleep in hotel rooms comfortably, was still on medication for two previous heart attacks, and was planning to have back surgery in the near future.

The government moved to admit a videotape of the deposition in lieu of live testimony at the upcoming trial, citing to the health concerns Prather raised in the deposition, and requesting that the district court find that he was an unavailable witness within the meaning of Federal Rule of Evidence 804(a)(4). The government attached a letter from Prather's doctor stating it would be

Case No. 22-1243, *United States v. Ramadan*

difficult for Prather to participate in a trial because of his spinal stenosis, inability to sit in one place, and limited walking capacity. Ramadan objected, arguing that Prather's physical condition did not limit his ability to travel and did not meet the unavailability standard. The district court disagreed. It granted the motion in November 2019, concluding that it was "not possible for [Prather] to come" because of his age and health concerns. (Mot. Hr'g Tr., R. 309, PageID 4643-44.)

Ramadan's trial did not commence until September 2021, two years later, because of delays resulting from the COVID-19 pandemic. At trial, Ramadan did not object to the district court's admission of the video testimony or ask the court to reconsider its November 2019 unavailability determination. A jury found Ramadan guilty of all three offenses. He brought this appeal.

## II.

## A.

On appeal, Ramadan argues for the first time that the statutes governing his three convictions violate his Second Amendment rights. Since Ramadan did not make this argument before the district court, we review for plain error. *United States v. Skouteris*, 51 F.4th 658, 673 (6th Cir. 2022) (citing *United States v. Johnson*, 627 F.3d 578, 585 (6th Cir. 2010)).

## 1.

As a preliminary matter, the constitutional challenge that Ramadan raises is predicated on the test recently enumerated by the Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Before *Bruen*, this court employed a two-part test to resolve Second Amendment challenges to regulations. *See United States v. Greeno*, 679 F.3d 510, 518 (6th Cir. 2012), *abrogated by Bruen*, 142 S. Ct. at 2126−27; *Oakland Tactical Supply, LLC v. Howell Twp., Mich.*, No. 21-1244, 2022 WL 3137711, at *2 (6th Cir. 2022). The first step of the pre-*Bruen* test

Case No. 22-1243, *United States v. Ramadan*

required the government to offer evidence establishing that the challenged law did not regulate activity protected by the Second Amendment's historical scope. *Greeno*, 679 F.3d at 518. In step two, "if the historical evidence [was] inconclusive or suggest[ed] that the regulated activity [wa]s *not* categorically unprotected," then courts conducted an inquiry "into the strength of the government's justification" under "the appropriate level of scrutiny." *Id.* (quotation omitted).

The *Bruen* Court rejected this test, holding that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." 142 S. Ct. at 2129−30. If the regulation infringes upon protected conduct, then the government must justify it by pointing to evidence showing consistency with the "Nation's historical tradition of firearm regulation." *Id.* at 2130. So, post-*Bruen*, courts ask (1) whether the Second Amendment's plain text protects the conduct and, if so, (2) whether the government can justify the law by demonstrating consistency with the Nation's history of firearm regulation. *Id.* at 2129−30.

But because we review this case for plain error, we must determine only whether the challenged statutes are "*obviously* unconstitutional." *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015) (emphasis in original). Therefore, we need not decide today whether they comply with *Bruen*'s mandate.

## 2.

As both parties acknowledge, we review for plain error because Ramadan raises this argument on appeal for the first time. The plain error threshold is "extremely high" and is overcome only in "exceptional circumstances." *Johnson*, 627 F.3d at 586 (quotation omitted). Ramadan must show "(1) error[,] (2) that was obvious or clear, (3) that affected [his] substantial rights[,] and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 585−86 (quoting *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008)

- 4 -

Case No. 22-1243, *United States v. Ramadan*

(en banc) (internal marks omitted).  When addressing a constitutional challenge to a statute under plain-error review, we examine whether the statute is unconstitutional, and ultimately whether the statute is "obviously or clearly unconstitutional."  *See Al-Maliki*, 787 F.3d at 791, 794 (quotation omitted).

Ramadan's challenges do not clear this "high bar."  *Skouteris*, 51 F.4th at 673.  Under our precedent, an error is plain only where, at a minimum, the answer to the constitutional question "is clear under current law."  *Al-Maliki*, 787 F.3d at 791, 794 (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).  Plain-error review is not satisfied when the state of the law regarding the question is uncertain.  *See United States v. Woodruff*, 735 F.3d 445, 451 (6th Cir. 2013).  And a circuit split also bars a finding of plain error because the split is "good evidence that the issue is subject to reasonable dispute."  *Al-Maliki*, 787 F.3d at 794 (quotation omitted).

Here, Ramadan points to no "binding case law that answers the question," let alone case law suggesting that the statutes are plainly unconstitutional.  *Id.* (citing *Woodruff*, 735 F.3d at 450).  His argument centers around the fact that "serial marring," "[possessing] unregistered sound reducers," and "possessing a stolen firearm" were not criminalized when the Second Amendment was adopted.  (Appellant Br. 18.)  Yet assuming Ramadan's conduct is covered by the plain text of the Second Amendment, Ramadan's historical evidence is not enough to answer *Bruen*'s historical inquiry to such a degree that the statutes are plainly unconstitutional.  That's especially true here because neither our court nor the Supreme Court has determined the constitutionality of 18 U.S.C. § 922(k), 18 U.S.C. § 922(j), and 26 U.S.C. § 5861(d) vis-à-vis the Second Amendment.

Although one district court recently found that § 922(k) is unconstitutional under *Bruen*, that specific issue is, at most, "subject to reasonable dispute."  *Al-Maliki*, 787 F.3d at 794; 142 S. Ct. at 2129−30 (quotation omitted).  In actuality, the weight of persuasive authority suggests that

Case No. 22-1243, *United States v. Ramadan*

§ 922(k) is constitutional. (*See* Appellee Br. 14−15.) (collecting cases finding the regulation of possessing firearms with obliterated serial numbers constitutional under *Bruen*). *But see United States v. Price*, 635 F. Supp. 3d 455, 463 (S.D. W. Va. 2022) (order) (finding § 922(k) is unconstitutional).

Accordingly, there is no binding case law or "good evidence" before this court showing that the statutes are clearly unconstitutional under current law. *See Al-Maliki*, 787 F.3d at 791, 794. Because we are unable to say that the challenged statutes are plainly or obviously unconstitutional, we find no plain error in Ramadan's convictions.

B.

Ramadan also challenges the district court's ruling that Prather was an unavailable witness, which allowed the government to present a videotape recording of Prather's deposition in lieu of live testimony at trial. Since the district court was correct, we reject this argument.

At the outset, the parties dispute whether Ramadan preserved his challenge. Ramadan objected to the government's initial motion to admit Prather's testimony in 2019, but he did not object or ask the district court to revisit its ruling when the video was admitted at trial two years later. The government therefore contends that Ramadan's challenge to the unavailability ruling should also be reviewed under plain error. The outcome is the same under either test, so we review Ramadan's challenge under the less demanding abuse-of-discretion standard. *See United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) ("Evidentiary rulings are reviewed under the abuse-of-discretion standard."); *United States v. Porter*, 886 F.3d 562, 567 (6th Cir. 2018) ("We review for abuse of discretion the admission of deposition testimony at trial in place of a live witness.")

Case No. 22-1243, *United States v. Ramadan*

Under the abuse-of-discretion standard, we ask "whether the district court (1) misunderstood the law . . ., (2) relied on clearly erroneous factual findings, or (3) made a clear judgment error." *United States v. Chavez*, 951 F.3d 349, 358 (6th Cir. 2020). Ramadan's challenge to the district court's ruling focuses on the first prong. He argues that the district court misunderstood the law because Rule 804(a)(4) "requires the government show a witness to be unavailable, not that the witness is inconvenienced." (Appellant Br. 36.) The district court was not wrong, however, because Prather's physical condition did in fact meet the unavailability standard.

When a party claims that a witness is unavailable due to health concerns, the trial court examines the duration and severity of the witness's physical infirmities and illnesses to determine whether the requisite finding of necessity is met. *See Porter*, 886 F.3d at 567. The admission of deposition testimony at trial is a "case specific" determination, *id.*, and is a matter "left to the discretion of the trial judge," *United States v. Campbell*, 845 F.2d 1374, 1378 (6th Cir. 1988). Further, "it is well established that the infirmity of an elderly witness which prevents [them] from traveling is an 'exceptional circumstance' [that] justifies the use of deposition testimony at trial." *Campbell*, 845 F.2d at 1377-78 (quotations omitted).

Prather's physical condition met the unavailability standard. Cumulatively, deposition testimony, the doctor's note, and counsel for the government sufficiently articulated the nature and severity of Prather's health problems to the district court. *See Porter*, 886 F.3d at 568. At the time of the evidentiary ruling, Prather was 93 years old, struggled to walk without needing rest, could not travel by plane, and was on medication due to his previous heart attacks. His doctor also concluded that Prather's spinal stenosis would make it difficult for him to participate in the trial because of his limited mobility and inability to sit in one place.

Case No. 22-1243, *United States v. Ramadan*

Given Prather's advanced age and health conditions, traveling across the country by plane to testify would be more than an inconvenience. *See United States v. Mallory*, 902 F.3d 584, 590 (6th Cir. 2018). The district court gave proper weight to Prather's characteristics when finding that it would "essentially [be] physically impossible and [] dangerous to his health to travel here and appear for what really should be fairly straightforward testimony." (Mot. Hr'g Tr., R. 309, PageID 4643-44.) Thus, we cannot say the district court misunderstood Rule 804(a)(4).

Given the above, the district court did not abuse its discretion in finding that Prather was an unavailable witness and allowing the government to present videotaped testimony at trial.

III.

For the foregoing reasons, we affirm.

- 8 -

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 22-1243

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

YOUSEF MOHAMMAD RAMADAN,

    Defendant - Appellant.

```
┌──────────────────────────────┐
│           FILED              │
│         Oct 12, 2023         │
│   DEBORAH S. HUNT, Clerk     │
└──────────────────────────────┘
```

Before: SUTTON, Chief Judge; COLE and THAPAR, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

Deborah S. Hunt, Clerk