UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                  Case No. 17-20595

v.                                District Judge Terrence G. Berg
                                Magistrate Judge Kimberly G. Altman

YOUSEF RAMADAN,

       Defendant.

_____/

## ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

Defendant Yousef Ramadan is before the Court on the government's motion for his detention pending a hearing on charges that he violated the terms of his supervised release. On February 9, 2024, the Court conducted a detention hearing pursuant to Fed. R. Crim. P. 32.1(a)(6). For the reasons which follow, the government's motion is granted.

## Factual Background

On August 25, 2027, defendant made his initial appearance on a criminal complaint with weapons offenses. A detention hearing was set for August 29, 2017. Defendant consented to detention in lieu of a detention hearing. Defendant was eventually charged by indictment with possession of a firearm with an obliterated serial number, possession of a stolen firearm, and possession of an

unregistered silencer.  Pretrial proceedings were protracted.  Defendant remained in custody until approximately January 15, 2012 when Judge Victoria A. Roberts, who was then assigned to the case, granted Defendant's motion for bond. Defendant went to trial before a jury and was convicted as charged.  On February 28, 2022, he was sentenced to time served and two years of supervised release, which began that date.

According to the violation report field on January 18, 2024, Defendant has failed to comply with some of the simplest terms of his supervised release.

1.      Not possessing a weapon or destructive device.  Defendant purchased two high powered Bb guns, one of which was located during a search of Defendant's residence.  This is concerning because Defendant previously purchased a similar device and returned it after being told by his probation officer that he could not possess such a device, as it is considered a dangerous weapon.

2.      Not communicating with persons convicted of a felony:  Defendant had numerous jail calls with a person he knows is a convicted felon, often using an alias for the call.

3.      Submit to a search:  During a search of his residence, Defendant turned over some electronic devices, but refused to turn over numerous other electronic devices.

2

A hearing on the supervised release violations is scheduled before Judge Terrence G. Berg, who was assigned the case upon Judge Roberts' retirement, on March 7, 2024 at 11:00.

**Analysis**

Because Defendant is before the Court on a supervised release charge, he bears the burden of "establishing by clear and convincing evidence that [he] will not flee or pose a danger to any other person or to the community…" Fed. R. Crim. P. 32.1(a)(6). The government argues that Defendant has not meet his burden as to flight or danger. The Court agrees.

As stated on the record, Defendant actions since being on supervision show that he does not take supervision seriously. His actions taken in the totality and in context, demonstrate that he is a danger to the community. The probation officer also recommended detention pending the supervised release violation hearing. He has simply failed to meet the high burden for being released pending a hearing on supervised release violations. Fed. R. Crim. P. 32.1(a)(6).

**Accordingly, Detention is Ordered.**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult

3

privately with defense counsel.  On order of a United States Court or on request of

an attorney for the Government, the person in charge of the corrections facility

must deliver Defendan to the United States Marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R.

57.2.


Dated: February 12, 2024                           s/Kimberly G. Altman
Detroit, Michigan                                      KIMBERLY G. ALTMAN
                                                       United States Magistrate Judge