UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**YOUSEF MOHAMMAD RAMADAN,**<br><br>Defendant. | 2:17-CR-20595-TGB-EAS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PERMISSION TO TRAVEL (ECF NO. 345)** |

Defendant Yousef Ramadan, who is serving a re-imposed sentence of 34 months' supervised release following a revocation and two-month custody sentence, asks the Court for permission to travel internationally to Bethlehem, located in the occupied West Bank. Ramadan filed his request for permission to travel on Wednesday, April 24, 2024, and seeks to depart on Sunday, April 28, 2024 and return on Friday, May 24, 2024. ECF No. 345. The government filed a response in opposition on April 25, 2024. ECR. No. 347. At present, Ramadan's conditions of supervised release do not allow him to travel outside the United States.

Ramadan proffers two reasons for seeking leave to travel. He wishes to attend the wedding of his brother on May 3, 2024 in Bethlehem, and to visit his own wife and children, who reside in Bethlehem—although the main purpose cited for the travel is to attend his brother's

wedding. Nothing prevents Ramadan's wife and children from returning to the United States and being with him.

The Court has carefully considered the request, the government's opposition, and conferred with Ramadan's current and former United States Probation Officers, Mark Burchell and David Smith. For the following reasons, Ramadan's request for permission to travel is denied.

First, Ramadan's underlying supervised release violation pertained to possession of a dangerous weapon he had been specifically instructed by his Probation Officer not to acquire. Ramadan's deliberate contravention of this directive demonstrates a willingness to prioritize his own interests ahead of his responsibility to abide by Court-imposed conditions.

Second, a review of Ramadan's cell phone revealed searches for materials such as ISIS execution and propaganda videos, explosive-manufacturing manuals, firearms, poison, and other disturbing items suggesting an inordinate interest in violent, extremist ideologies. ECF No. 341, PageID 5846-53. (Tr. of Sup. Rel. Vio. Hrg. on February 27, 2024.) Considering Ramadan's demonstrated interest in such material, and keeping in mind that his initial arrest for the underlying offense occurred when he was intercepted on a flight from Detroit to Jordan while carrying military-style equipment, it seems clear that allowing him to travel to the West Bank—especially during an active war—would be unwise, risky, and fraught with potential danger.

Third, in conferring with Officer Burchell, the Court learned that Ramadan obtained an iPhone almost immediately after release from custody, and that he has not shared his passwords for that device despite being requested to do so. Ramadan's supervised release conditions require that he share any such passwords, and that he neither own nor possess any Apple devices, due to the difficulties in monitoring them. *Id.* at PageID.5854. Officer Burchell indicated that he was still working with Ramadan on these issues; and while the situation had not yet caused him to file another violation petition, he did not recommend approving international travel at this time.

Fourth, the nature and circumstances of Ramadan's prior conduct, as well as his supervised release violation, powerfully evidence that his conduct must be monitored closely. Ramadan has established little (if any) trust between himself, his supervising officer, and the Court that might support granting a special exception from the carefully-calibrated conditions of release that have been imposed. If anything, his conduct upon release has only undermined such trust.

Consequently, the possibility that Ramadan might abscond is substantial. And, as the government points out, there is no extradition treaty between the United States and Palestinian authorities that could be invoked if it became necessary to seek to enforce another violation petition and warrant. Moreover, the last-minute nature of this request—

3

being filed less than a week before the proposed travel—raises questions about its legitimacy that are not clearly answered in the pleadings.

Because allowing the requested travel would not be in accord with the Court's responsibility to protect the public and assure the defendant's compliance with the conditions of his supervised release, the motion for permission to travel is hereby **DENIED**.

**SO ORDERED** this 26th day of April 2024.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge